IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| SPSS Inc., | ) | |
| | ) | |
| Plaintiff/Counterdefendant, | ) | No. 08 C 66 |
| | ) | |
| v. | ) | Judge John W. Darrah |
| | ) | |
| Norman H. Nie and C. Hadlai Hull, | ) | Magistrate Judge Arlander Keys |
| | ) | |
| Defendants/Counterplaintiffs. | ) | |

**REPORT OF THE RULE 26(f) CONFERENCE OF THE PARTIES**

Pursuant to Fed. R. Civ. P. Rule 26(f), a meeting was held on February 12, 2008 at the offices of Schopf & Weiss LLP, One South Wacker Drive, 28th Floor, Chicago, Illinois 60606, and was attended by:

Edward H. Williams and Daniel K. Storino for plaintiff/counterdefendant SPSS Inc. ("plaintiff" or "SPSS");

Peter V. Baugher, William B. Berndt, Jennifer A. Waters and Luther Orton, via teleconference, for defendants/counterplaintiffs Norman H. Nie and C. Hadlai Hull (collectively, "defendants"); for defendants.

1. *Pre-Discovery Disclosure.* The parties have exchanged the information required by Fed. R. Civ. P. 26(a)(1).

2. *Discovery Plan.*

The parties agree that discovery should be conducted in two phases, fact discovery followed by expert discovery. Plaintiff proposes that fact discovery be completed in six (6) months if defendants will not seek leave to take more than ten (10) depositions in accordance with Fed. R. Civ. Pro. 30(a)(2)(A). Defendants propose that fact discovery be completed in four

(4) months. The parties agree that expert discovery should be completed within three (3) months of its commencement, which would be upon the close of fact discovery.

Defendants wish to discuss with the Court the possibility of a further phasing of the case, such that fact discovery would focus in the first instance on issues of liability related to the trademarks and the license agreement. Defendants do not believe expert testimony will be required with respect to these issues, and that they could be determined by the Court on an expedited schedule. Plaintiff opposes any bifurcation of the proceedings. While plaintiff does not believe that any damages should be awarded in this case, the remedy of disgorgement involves consideration of the same equitable considerations that relate to the liability issues and, if disgorgement were to be ordered, the calculations do not appear to be overly complex. Further, if defendants wish to seek bifurcation, they should do so by written motion rather than making an oral motion at the initial case management conference.

SPSS expects to do discovery on the following subjects: (1) defendants' knowledge of their ownership of the trademark; (2) defendants' knowledge of the existence of the trademark license agreement; (3) the circumstances under which the License Agreement was executed by Defendants and a representative of SPSS; (4) defendants' communications regarding the existence of the license agreement; (5) defendants' communications regarding the scope of their rights under the license agreement; (6) defendants' understanding of the terms of the license agreement; (7) the use of the trademark before SPSS became a public company; (8) the reasons that defendants did not disclose ownership of the trademark or the existence of the license agreement to SPSS management; (9) the reasons that defendants did not disclose ownership of the trademark or the existence of the license agreement to the public in SEC disclosures; (10)

complaints regarding quality of SPSS's products made by defendants; (11) defendants' activities directed at product quality; and (12) defendants' damages claims.

Defendants expect to concentrate discovery on the following subjects: (1) the registration of the trademarks; (2) the trademark license agreement; (3) SPSS's breaches of the license agreement, including (a) rejecting Defendants' reasonable requests to review the quality of SPSS products to protect and control the use of the trademarks, (b) SPSS's repudiation of the license agreement, and (c) SPSS's wrongful assertion of ownership of the trademarks; (4) SPSS's maintenance of the trademarks; (5) SPSS's request for a trademark assignment for nominal consideration; (7) SPSS's actions acknowledging Defendants' rights under the license agreement and ownership of the trademarks; (8) SPSS's attention to the quality of its products, especially with respect to Mr. Nie's expressions of concern; (9) Defendants' assertion of their rights under the license agreement; and (10) Defendants' trademark infringement damages.

3. *Proposed Case Schedule.* The parties propose the following schedule:

Half way through the fact discovery phase: Last day to amend the pleadings.

30 days after fact discovery closes: Designation of experts and tendering of expert reports for expert testimony on any issue for which the party bears the burden of proof.

60 days after fact discovery closes: Designation of experts and tendering of expert reports for any rebuttal experts.

90 days after fact discovery closes: Expert Discovery Closes.

120 days after fact discovery closes: Pre-trial submissions.

Pursuant to the Court's standing order, summary judgment motions shall be filed, noticed, and presented at a motion call 21 days before expert discovery closes.

4. *Electronic Discovery.* The parties agree to cooperate with each other regarding the discovery of electronically-stored information and the format for the production of such information. Production documents will be exchanged in TIFF format and will include OCR. Electronic documents will be made available in their native formats if relevant or necessary.

5. *Other Items.* The parties also discussed the following issues:

    The parties discussed settlement and agreed that settlement is unlikely to occur at this time.

    SPSS proposes the entry of a Protective Order. Defendants will agree to entry of a reasonable confidentiality order that complies with current Seventh Circuit precedent. The parties will work together in an attempt to submit a proposed order to the Court.

Dated: February 29, 2008

| SPSS Inc. | Norman H. Nie and C. Hadlai Hull |
|---|---|
| By: /s/ Edward H. Williams<br>    One of its attorneys | By: /s/ William B. Berndt<br>    One of their attorneys |
| Robert J. Kriss<br>Edward H. Williams<br>Thomas V. Panoff<br>Daniel K. Storino<br>Mayer Brown LLP<br>71 South Wacker Drive<br>Chicago, Illinois 60606<br>(312) 782-0600 | Peter V. Baugher<br>William B. Berndt<br>Jennifer A. Waters<br>Schopf & Weiss LLP<br>One South Wacker Drive<br>28th Floor<br>Chicago, Illinois 60606<br>(312) 701-9300<br><br>Luther Orton<br>Snyder Miller & Orton LLP<br>111 Sutter Street, Suite 1950<br>San Francisco, California 94104<br>(415) 962-4400 |

CERTIFICATE OF SERVICE

Edward H. Williams, an attorney, certifies that he caused a copy of the foregoing **REPORT OF THE RULE 26(f) CONFERENCE OF THE PARTIES** to be served on February 29, 2008 as follows:

**BY ELECTRONIC MAIL**

Peter V. Baugher
William B. Berndt
Jennifer A. Waters
Schopf & Weiss LLP
One South Wacker Drive
28th Floor
Chicago, Illinois 60606

**BY OVERNIGHT COURIER**

Luther Orton
Snyder Miller & Orton LLP
111 Sutter Street, Suite 1950
San Francisco, California 94104

/s Edward H. Williams