IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SPSS Inc., | ) |
|     Plaintiff/Counterdefendant, | ) Case No. 08 C 66 |
| v. | ) Judge John W. Darrah |
| Norman H. Nie and C. Hadlai Hull, | ) Magistrate Judge Arlander Keys |
|     Defendants/Counterplaintiffs. | ) |

### AGREED PROTECTIVE ORDER

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, and whereas, based upon the record before the Court, good cause exists for entry of the following Protective Order:

It is hereby ORDERED that the following Protective Order shall govern the handling of documents, depositions, deposition exhibits, interrogatory responses, admissions, and any other information produced, given, or exchanged by and among the parties and any non-parties to this action in connection with discovery in the action that the producing party has determined to be "Confidential" or "Highly Confidential" (such information hereinafter referred to as "Discovery Material"). This Order shall not apply to documents produced at trial.

1. Definitions.

   a. The term "Designating Party" means the party or non-party producing or designating Discovery Material in connection with this action as "Confidential" or "Highly Confidential" under this Protective Order.

   b. The term "Receiving Party" means the party inspecting and/or receiving Discovery Material in connection with this action designated as "Confidential" or "Highly Confidential" under this Protective Order.

c.  A Designating Party may designate as "Confidential" or "Highly Confidential" under the terms of this Protective Order any Discovery Material that counsel of record for the Designating Party has determined, in good faith, contains non-public, confidential, proprietary or commercial information that is not readily ascertainable, through proper means, by the public or the Receiving Party and the disclosure of which would create a substantial likelihood of serious injury if disclosed to competitors or is otherwise subject to privacy protection under federal, state, or local law.

d.  For purposes of this Protective Order, information considered to be "Confidential" Discovery Material specifically encompasses, but is not limited to, personnel records, non-public financial statements, planned applications for the registration of intellectual property, and customer surveys. For purposes of this Protective Order, information considered to be "Highly Confidential" Discovery Material specifically encompasses, but is not limited to, trade secrets (including customer lists), recent internal software development evaluations, new product development plans and potential new value-added resellers of software. The description of categories of information that may be "Confidential" or "Highly Confidential" does not mean that the information is necessarily discoverable.

2.  <u>Limited Use</u>.  Discovery Material designated as "Confidential" or "Highly Confidential" pursuant to this Protective Order shall be used only for purposes related to this action, and shall not be used for any business or commercial purpose. Disclosure, whether oral, written, or otherwise, of information extracted from Discovery Material designated as "Confidential" or "Highly Confidential" is authorized only in accordance with the terms of this

2

Protective Order. Unauthorized disclosure of information extracted from Discovery Material designated as "Confidential" or "Highly Confidential" is prohibited.

3. <u>Public Information</u>. Nothing in this Order shall prohibit a party from independently obtaining publicly available information, nor shall this Order constitute a restriction on information so obtained, even if a copy of that document is or otherwise was produced in this action and designated as "Confidential" or "Highly Confidential."

4. <u>Scope of Disclosure – "Confidential" Discovery Material</u>. Except as specifically provided for in this or subsequent Court orders, Discovery Material designated as "Confidential" or its contents shall not be disclosed, directly or indirectly, to persons other than the following:

   a. the parties to this action and their representatives, including outside counsel for parties to this action and employees of such counsel assisting in the conduct of the action for use in accordance with this Protective Order, provided that such parties and their representatives first have read this Protective Order and have agreed to abide by the terms of this Protective Order by signing a copy of Exhibit A;

   b. experts, consultants, or persons or firms employed to provide litigation support services who are not parties to, employees of any party to, or affiliates of any party to this action, provided that such experts, consultants, persons, or firms first have read this Protective Order and have agreed to abide by the terms of this Protective Order by signing a copy of Exhibit A;

   c. any deposition witness, at that witness's deposition, provided that such witness first has read this Protective Order and has agreed to abide by the terms of this Protective Order by signing a copy of Exhibit A;

   d. any witness to the extent reasonably necessary to prepare that witness to testify at trial or otherwise on matters relating to "Confidential" Discovery Material, or where counsel believes in good faith that showing such Discovery Material is necessary to the prosecution or defense of this litigation, provided that such witness first has read this Protective Order and has agreed to abide by the terms of this Protective Order by signing a copy of Exhibit A;

   e. the Court, court personnel, and stenographic and other deposition reporters;

   f. commercial copying services employed by the parties for the purposes of making copies of document testimony for use in this case or copies of documents for production; and

   g. any other person upon order of the Court or with the prior written consent of the Designating Party.

Additionally, a Designating Party may disclose or disseminate any information of its own which that Designating Party itself has designated as "Confidential" under the terms of this Protective Order.

   5. <u>Scope of Disclosure – "Highly Confidential" Discovery Material.</u> Discovery Material designated as "Highly Confidential" shall not be disclosed, directly or indirectly, to persons other than the following:

   a. outside counsel to the parties who have appeared in this action, and employees of such counsel necessary to assist in the conduct of the action for use in accordance with this Protective Order;

  b. the parties to this action if necessary for the prosecution of any claim or defense in this action;

  c. experts, consultants, or persons or firms employed to provide litigation support services who are not parties to, employees of any party to, or affiliates of any party to this action, provided that such experts, consultants, persons, or firms first have read this Protective Order and have agreed to abide by the terms of this Protective Order by signing a copy of Exhibit A;

  d. any witness to the extent reasonably necessary to prepare that witness to testify at trial or otherwise on matters relating to "Highly Confidential" Discovery Material, or where counsel believes in good faith that showing such Discovery Material is necessary to the prosecution or defense of this litigation, provided that such witness first has read this Protective Order and has agreed to abide by the terms of this Protective Order by signing a copy of Exhibit A and upon notice first being given to the Designating Party and the Designating Party having fourteen (14) days within which to object in accord with the procedure specified in this Protective Order;

  e. the Court, court personnel, and stenographic and other deposition reporters; and

  f. any other person upon order of the Court or with the prior written consent of the Designating Party.

Additionally, a Designating Party may disclose or disseminate any information of its own which that Designating Party itself has designated as "Highly Confidential" under the terms of this Protective Order.

6. <u>Notice/Marking</u>.

a. It shall be the duty of the Designating Party to provide notice to any Receiving Party that such documents and/or deposition testimony are to be considered as "Confidential" or "Highly Confidential" and protected under this Protective Order by having the documents and/or deposition testimony marked "Confidential" or "Highly Confidential." It shall be the duty of the Receiving Party to comply with any Discovery Material Order from the time of such notice or receipt of documents and/or deposition testimony marked "Confidential" or "Highly Confidential."

b. All deposition transcripts in this action shall be treated by all parties as provisionally protected as "Confidential" for a period of fourteen (14) calendar days following receipt of the transcripts. Within the fourteen (14) day period, any party may designate particular portions of a transcript as "Confidential" or "Highly Confidential" information by giving written notice of such designation to every other party to the action. To the extent possible, the party making the designation shall be responsible for instructing the court reporter to appropriately bind exhibits designated "Confidential" or "Highly Confidential." The parties should avoid designating entire transcripts as "Confidential" or "Highly Confidential" where only a portion thereof or the exhibits used therewith qualify for protection under this Order; to the extent reasonably practicable, only such portions or exhibits should be designated. Failure of a party to so designate any particular portion of the transcript establishes that such portion is not subject to this Order.

c. In the event that a party is permitted by agreement or by order of this Court to inspect or review documents prior to production, all documents and things produced at such inspection will be considered to be "Confidential." At the time documents and things are

actually produced, however, an appropriate designation will be placed on each document or thing in accordance with this Order.

7. <u>Inadvertent Production</u>. Inadvertent production of any document not designated "Confidential" or "Highly Confidential" by a party, or inadvertent failure to designate deposition testimony "Confidential" or "Highly Confidential," shall not estop a party or non-party from designating the inadvertently produced information as "Confidential" or "Highly Confidential" at a later date, or waive a party or non-party's claim that the information is protected under this Protective Order. Disclosure of such documents or deposition testimony prior to such later designation is not a violation of this Protective Order.

8. <u>Challenge to Confidentiality Designation</u>. If any party wishes to challenge the designation of a document or deposition testimony as "Confidential" or "Highly Confidential," that party's counsel shall first request in writing that counsel for the Designating Party agree to one of the following: (a) a specified disclosure of the document or deposition testimony, or a portion thereof, or (b) the voluntary withdrawal of the designation. The parties shall attempt to resolve such a request by agreement prior to filing a motion seeking relief from the Court. If consent to such a request is not granted within twenty (20) business days of the date of the request, the party seeking removal of the designation may thereafter file with the Court a written motion specifying the basis for the party's claim that the document or deposition testimony improperly has been designated as "Confidential" or "Highly Confidential." The motion and any accompanying materials shall be filed in the manner specified in Paragraph 12. The burden to defend the appropriateness of the designation as "Confidential" or "Highly Confidential" shall be on the Designating Party.

9. <u>Amendment/Modification</u>. This Protective Order shall remain in force and effect indefinitely until modified, superseded, or terminated on the record by agreement of the parties or order of the Court. Nothing herein shall prevent any party from applying to the Court for relief from the terms of this Protective Order, for a further protective order, or for injunctive or other relief. The Court shall retain full and exclusive jurisdiction during the pendency of this litigation and thereafter to enforce this Protective Order and to grant relief for any violation thereof. In the event of any such violation, the Court may grant relief as appropriate.

10. <u>Exceptions for Consent and Court Order</u>. Nothing in this Protective Order shall prevent disclosure beyond its terms if the Designating Party consents in writing or on the record to such disclosure or if the Court, after notice to all affected parties, authorizes such disclosure.

11. <u>Exceptions for Subpoena and Legal Process</u>. Notwithstanding any provision in this Protective Order, a Receiving Party is permitted to disclose documents or deposition testimony designated as "Confidential" or "Highly Confidential" as required pursuant to subpoena or other legal process served on the Receiving Party, provided that the Receiving Party notifies the Designating Party of such subpoena or other legal process within a reasonable time to afford the Designating Party an opportunity to defend against such disclosure.

12. <u>Filing with Court</u>. When pleadings that contain "Confidential" or "Highly Confidential" information are filed with the Court, the parties shall use the procedures set forth in Local Rule 26.2(d). Any interested member of the public may challenge the withholding of information from the public file by operation of Local Rule 26.2(d). In the event of such a challenge, the burden of showing the propriety of a designation of "Confidential" or "Highly Confidential" shall be on the Designating Party.

13. <u>Final Determination</u>. After the final determination of this action, the provisions of this Protective Order shall continue to be binding on all counsel, the parties and their employees, witnesses, and all others subject to this Protective Order. However, at the option of the Designating Party, and on final determination of this action, the Receiving Party shall return all documents designated as "Confidential" or "Highly Confidential" including all copies thereof, to the Designating Party. Further, at the request of any party, and again on final determination of this action, the Clerk of the Court shall return any item filed under seal to the filing party.

14. <u>Designation and Admissibility</u>. Neither this Protective Order nor the designation of any document or deposition testimony as "Confidential" or "Highly Confidential" (a) shall be construed as an admission that such document or deposition testimony, or any trial or pretrial testimony relating thereto, is admissible in this action or any other proceeding; or (b) shall govern the use of "Confidential" or "Highly Confidential" information at trial or at other evidentiary proceedings in open court.

15. The existence of this Order shall be disclosed to any non-party producing documents or information in this action who may reasonably be expected to desire confidential treatment of such information. Such non-parties may avail themselves to the protections of this Order. Production of documents by such non-parties subject to this Protective Order shall operate as that non-party's consent to jurisdiction of this Court for the limited purpose of resolving any dispute regarding the confidential nature of the documents produced by that non-party.

SO ORDERED this _15th_ day of _April_, 2008.

_____
United States District Judge

**APPROVED AS TO FORM AND SUBSTANCE:**


/s/ Thomas V. Panoff
*Attorney for Plaintiff/Counterdefendant*

Robert J. Kriss
Edward H. Williams
Thomas V. Panoff
Daniel K. Storino
MAYER BROWN LLP
71 South Wacker Drive
Chicago, Illinois 60606
(312) 782-0600


/s/ William B. Berndt
*Attorney for Defendants/Counterplaintiffs*

Peter V. Baugher
William B. Berndt
Jennifer A. Waters
SCHOPF & WEISS LLP
One South Wacker Drive, 28th Floor
Chicago, Illinois 60606
(312) 701-9300

Luther Orton
SNYDER MILLER & ORTON LLP
111 Sutter Street, Suite 1950
San Francisco, California 94104
(415) 962-4400

Dated: April 3, 2008

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| SPSS Inc., | ) | |
| | ) | |
| Plaintiff/Counterdefendant, | ) | Case No. 08 C 66 |
| | ) | |
| v. | ) | Judge John W. Darrah |
| | ) | |
| Norman H. Nie and C. Hadlai Hull, | ) | Magistrate Judge Arlander Keys |
| | ) | |
| Defendants/Counterplaintiffs. | ) | |

## EXHIBIT A

I, _____, hereby certify that: (1) I have read and fully understood the terms of the Protective Order in the above-captioned case; (2) I agree to comply with and be bound by the terms and conditions of the Protective Order; (3) I agree not to discuss, disclose, or otherwise reveal information protected by this Protective Order with anyone except persons who also are permitted to view the materials protected by the Protective Order; (4) I agree not to copy or use information protected by this Protective Order except solely for purposes of this action; and (5) I hereby submit to and waive any objection to the jurisdiction of the United States District Court for the Northern District of Illinois, for the purposes of enforcement of this Protective Order.

Signature:_____

Please print or type the following:

Name:_____

Title/Affiliation:_____

Address:_____

_____

Telephone:_____