IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| SPSS Inc., | ) | |
| | ) | |
| Plaintiff/Counterdefendant, | ) | Case No. 08 C 66 |
| | ) | |
| v. | ) | Judge John W. Darrah |
| | ) | |
| Norman H. Nie and C. Hadlai Hull, | ) | Magistrate Judge Arlander Keys |
| | ) | |
| Defendants/Counterplaintiffs. | ) | |

**PLAINTIFF/COUNTERDEFENDANT SPSS INC.'S
MOTION FOR PROTECTIVE ORDER**

Pursuant to Fed. R. Civ. P. 26(c), Plaintiff/Counterdefendant SPSS Inc. ("SPSS"), by and through its attorneys, hereby moves this Court for entry of a protective order prohibiting Defendants/Counterplaintiffs Nie and Hull ("Defendants") from taking multiple depositions of a fact witness, Anthony Ciro.  In support thereof, SPSS states as follows:

1.  On January 3, 2008, SPSS filed a complaint seeking, *inter alia*, a declaratory judgment that Defendants – two of the co-founders of SPSS – are estopped from asserting any rights they might have under a purported 1976 trademark license agreement between Defendants and a predecessor entity of SPSS, and that SPSS shall be deemed to have an irrevocable, assignable, and exclusive license to use the trademarks at issue.

2.  On January 28, 2008, Defendants answered SPSS's complaint and filed a counterclaim against SPSS alleging trademark infringement by SPSS.  On February 15, 2008, SPSS answered Defendants' counterclaim, denying that it infringed the trademarks at issue.

3.  On February 26, 2008, the parties exchanged their Rule 26(a)(1) disclosures. Both SPSS and Defendants identified Mr. Ciro as a person with information upon which they plan to rely at trial.  Exhibits A & B.

4.       On March 3, 2008, Defendants issued a Notice of Deposition Pursuant to Rule 30(b)(6) to SPSS. Exhibit C. The Rule 30(b)(6) Notice of Deposition identifies thirteen proposed topics for examination. On April 23, 2008, SPSS issued objections and responses to Defendants' Rule 30(b)(6) Notice of Deposition, and designated Mr. Ciro as SPSS's Rule 30(b)(6) witness. Exhibit D. The parties have agreed to conduct the Rule 30(b)(6) deposition of SPSS on May 30, 2008.

5.       However, one issue should be resolved before the deposition. SPSS objected to Defendants' Rule 30(b)(6) Notice of Deposition on the ground, among other things, that it would be unduly burdensome on SPSS and Mr. Ciro, SPSS's Associate General Counsel, for Defendants to depose him both as a Rule 30(b)(6) witness and as an ordinary Rule 30 fact witness given the substantial overlap in subject matter for the two depositions.

6.       Nearly all of the thirteen topics for examination identified in Defendants' Rule 30(b)(6) Notice of Deposition are precisely the same topics Defendants identified Mr. Ciro as having knowledge of in their Rule 26(a)(1) disclosures:

| Defendants' Rule 26(a)(1) Topics for Anthony Ciro | Defendants' Rule 30(b)(6) Topics for SPSS |
|---|---|
| ▪ "SPSS Inc.'s knowledge of License Agreement" | ▪ "SPSS's knowledge of the existence of the License Agreement." (Topic No. 2)<br>▪ "SPSS's possession of the License Agreement and/or copies thereof." (Topic No. 3)<br>▪ "The enforceability of the License Agreement." (Topic No. 8)<br>▪ "SPSS's responses to Defendants' attempts to enforce rights under the License Agreement." (Topic No. 10)<br>▪ "SPSS's non-public communications, whether oral or in writing, about the License Agreement." (Topic No. 11)<br>▪ "SPSS's public filings concerning the SPSS trademark and License Agreement." (Topic No. 12) |

|  |  |
|---|---|
|  | ▪ "SPSS's actual or contemplated preparation of Form 8-K's concerning the License Agreement…." (Topic No. 13) |
| ▪ "2002-2004 Application for Trademark Registration." | ▪ "SPSS's decision to apply for the SPSS trademark beginning in 2002." (Topic No. 5)<br>▪ "The 2004 Trademark Application and Registration." (Topic No. 6) |
| ▪ "SPSS Inc.'s request for assignment of trademark rights." | ▪ "SPSS's decision to request a trademark assignment from Defendants." (Topic No. 9).<br>▪ "SPSS's actual or contemplated preparation of Form 8-K's concerning … the Trademark Assignment…." (Topic No. 13) |
| ▪ "SPSS Inc.'s compliance with/breach and repudiation of License Agreement." | ▪ "The enforceability of the License Agreement." (Topic No. 8)<br>▪ "SPSS's responses to Defendants' attempts to enforce rights under the License Agreement." (Topic No. 10)<br>▪ "SPSS's non-public communications, whether oral or in writing, about the License Agreement." (Topic No. 11)<br>▪ "SPSS's public filings concerning the SPSS trademark and License Agreement." (Topic No. 12)<br>▪ "SPSS's actual or contemplated preparation of Form 8-K's concerning the License Agreement, the Trademark Assignment, this lawsuit and/or Defendants' counterclaim." (Topic No. 13) |

7.  Defendants' proposed Rule 30(b)(6) topics for examination are also duplicative of their written discovery requests to SPSS, which SPSS has already answered. Exhibits E, F, and G. For example, Defendants' Interrogatory No. 3 to SPSS asks SPSS to identify those SPSS individuals with knowledge of the 1978 trademark application and registration, the lapse of the trademark in 1999, the 2004 trademark application and registration, foreign registrations of the trademark, attempts to enforce the trademark, and the Trademark Assignment, all of which are

proposed topics for examination in Defendants' Rule 30(b)(6) Notice of Deposition. In response to Interrogatory No. 3, SPSS identified Mr. Ciro as the SPSS employee with knowledge as to most of the items listed by Defendants. Defendants' Requests for Admission to SPSS also seek the same information that Defendants propose to cover in the Rule 30(b)(6) deposition, including when SPSS was aware of the License Agreement (Request Nos. 6-16), whether SPSS had a copy of the License Agreement in its possession (Request Nos. 17-28), the 2002-2004 trademark application and registration (Request Nos. 30-35), and the Trademark Assignment (Request Nos. 36-40). In Defendants' Requests for the Production of Documents, Defendants seek documents referring to the License Agreement (Request Nos. 1-6 and 25-28 ), the 1978 trademark application and registration (Request No. 12), the 2004 trademark application and registration (Request No. 13), and the Trademark Assignment (Request Nos. 22, 23, 25). These requests for the production of documents, among others by Defendants, are duplicative of the topics for examination identified in Defendants' Rule 30(b)(6) deposition notice. SPSS has already produced non-privileged documents responsive to these requests and soon intends to complete its production. As these documents demonstrate, and as SPSS's responses to Defendants' written discovery requests make clear, Mr. Ciro is the most knowledgeable individual at SPSS in regard the topics on which Defendants seek discovery.

8.  As mentioned above, SPSS has already produced, and will soon complete its production of, non-privileged documents responsive to Defendants' discovery requests and the proposed matters for examination identified in their Rule 30(b)(6) Notice of Deposition. SPSS has repeatedly offered to educate Mr. Ciro through these documents as to those few topics on which Defendants' seek proper discovery from SPSS and for which Mr. Ciro is not already knowledgeable.

4

9. In response to SPSS's objection that Mr. Ciro not be subjected to multiple depositions, Defendants have refused to agree that they will depose Mr. Ciro only once. They should not be permitted 14 hours of deposition covering substantially the same subject matters – topics that also have been explored in great detail in Defendants' written discovery requests to SPSS.

10. Requiring Mr. Ciro to sit through two 7-hour depositions – one as a Rule 30(b)(6) corporate designee and one as a Rule 30 fact witness – that will cover the exact same subject matters is the precise "annoyance" and "undue burden [and] expense" that Rule 26(c) was designed to prevent. Under Rule 26(b)(2), this Court may limit the "number of depositions…or length of depositions under Rule 30." *See also Berning v. UAW Local 2209*, 2007 WL 1385367, at *1-2 (N.D. Ind. May 4, 2007) (prohibiting deposition under Rule 26(b)(2) seeking duplicative information). Among the factors to be considered under Rule 26(b)(2) are: (1) whether the deposition would be "unreasonably cumulative or duplicative;" (2) whether the information "can be obtained from some other source that is more convenient, less burdensome, or less expensive;" or (3) whether the "burden or expense of the proposed discovery outweighs its likely benefit," among other considerations. All three factors apply here. Because the topics Defendants seek to explore with Mr. Ciro in both depositions are the same, a second deposition of Mr. Ciro in his individual capacity would be unreasonably cumulative and duplicative, not to mention unduly burdensome and expensive. *See City of Fairview Heights v. Orbitz, Inc.*, 2008 WL 920390, at *1 (S.D. Ill. Apr. 3, 2008) (prohibiting under Rule 26(b)(2) unduly burdensome and expensive deposition). Moreover, because the documents SPSS has produced contain the same information Defendants are seeking in their Rule 30(b)(6) Notice of Deposition, and SPSS has agreed to have Mr. Ciro testify about these documents in the 30(b)(6) deposition, this is

5

obviously a "more convenient, less burdensome" approach than subjecting Mr. Ciro to another deposition in his individual capacity to discuss the same topics.

WHEREFORE, SPSS respectfully requests that this Court grant SPSS's motion and enter a Protective Order pursuant to Fed. R. Civ. P. 26(c) limiting Defendants to one, seven-hour deposition with Mr. Ciro, in his capacity as a Rule 30(b)(6) deponent or otherwise.

Dated: May 20, 2008                                  Respectfully submitted,

                                                             SPSS INC.

                                                             By: /s/ Edward H. Williams
                                                                  One of its attorneys

                                                                  Robert J. Kriss
                                                                  Edward H. Williams
                                                                  Thomas V. Panoff
                                                                  Daniel K Storino
                                                                  MAYER BROWN LLP
                                                                  71 South Wacker Drive
                                                                  Chicago, Illinois 60606
                                                                  (312) 782-0600

**CERTIFICATION PURSUANT TO
FED. R. CIV. P. 26(C) AND LOCAL RULE 37.2**

I, Edward H. Williams, an attorney for Plaintiff/Counterdefendant SPSS Inc., hereby certify that the parties have attempted in good faith to resolve this dispute but have been unable to reach an accord. On May 1, 2008, the parties discussed this matter, among other discovery issues, on a two-hour telephone call. Present on the call for SPSS Inc., in addition to myself, was Thomas V. Panoff, my colleague at Mayer Brown LLP. Present on the call for Defendants/Counterplaintiffs Nie and Hull were William B. Berndt and Jennifer A. Waters, both attorneys at Schopf & Weiss LLP. The parties further discussed this matter by written correspondence, including a May 8, 2008 letter from William B. Berndt to Edward H. Williams, and a May 14, 2008 letter from Thomas V. Panoff to William B. Berndt. All attempts to resolve this issue, though in good faith, have been unsuccessful.

/s/ Edward H. Williams
Edward H. Williams

## CERTIFICATE OF SERVICE

I, Edward H. Williams, an attorney, hereby certify that on May 20, 2008, I caused a true and correct copy of **PLAINTIFF/COUNTERDEFENDANT SPSS INC.'S MOTION FOR A PROTECTIVE ORDER** to be filed with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to the following counsel who have registered for receipt of documents filed in this matter:

Peter V. Baugher
William B. Berndt
Jennifer A. Waters
Schopf & Weiss LLP
One South Wacker Drive
28th Floor
Chicago, Illinois 60606

Luther Orton
Snyder Miller & Orton LLP
111 Sutter Street, Suite 1950
San Francisco, California 94104

    /s/  Edward H. Williams
       Edward H. Williams