# Exhibit A

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| SPSS Inc., | ) | |
| | ) | |
| Plaintiff/Counterdefendant, | ) | Case No. 08 C 66 |
| | ) | |
| v. | ) | Judge John W. Darrah |
| | ) | |
| Norman H. Nie and C. Hadlai Hull, | ) | Magistrate Judge Arlander Keys |
| | ) | |
| Defendants/Counterplaintiffs. | ) | |

## PLAINTIFF/COUNTERDEFENDANT SPSS INC.'S
## INITIAL DISCLOSURES PURSUANT TO RULE 26(a)(1)

Plaintiff/Counterdefendant SPSS Inc. ("SPSS") by and through its attorneys, Mayer Brown LLP, hereby makes the following initial disclosures to defendants Norman H. Nie and C. Hadlai Hull pursuant to Federal Rule of Civil Procedure 26(a)(1). SPSS's investigation is continuing, and SPSS expressly reserves all of its rights to amend or to supplement the information contained in these initial disclosures should more information become available.

**Rule 26(a)(1)(A)(i) – Individuals Likely To Have Discoverable Information That SPSS May Use To Support Its Claims Or Defenses.**

SPSS lists the following individuals likely to have information that SPSS may use to support its claims or defenses. All current and former employees of SPSS are to be contacted regarding this lawsuit only through counsel. SPSS would also object to any communications between defendants (including their counsel) and SPSS's current and former outside attorneys regarding the subject matter of the current or former attorneys' representation of SPSS. The disclosure of any person in possession of privileged or other information protected from disclosure does not constitute a waiver of any such privilege or other basis for non-disclosure.

| Name | Contact Information | Subject |
|------|---------------------|---------|
| Norman Nie | Defendant | The course of performance (or lack thereof) of the License Agreement; the use (or non-use) of the trademarks; the representations Nie made in connection with SPSS's SEC filings. |
| C. Hadlai Hull | Defendant | The course of performance (or lack thereof) of the License Agreement; the use (or non-use) of the trademarks. |
| Lawrence R. Samuels | McGuire Woods LLP 77 West Wacker Drive Chicago, IL 60601 | The License Agreement; the trademarks; SPSS's SEC filings. |
| Dale H. Bent | Unknown | The use of the trademarks. |
| Anthony Ciro | VP, Assoc. Gen. Counsel SPSS Inc. 233 South Wacker Drive 11th Floor Chicago, IL 60606 (312) 651-3000 | The timing and nature of demands made by defendants under the purported License Agreement; SPSS's response to those demands; assertions (or lack thereof) by defendants of quality control over SPSS products bearing the trademarks; SPSS's use of the trademarks on products; registration of trademarks. |
| Patrick Bova | Unknown | Use of the trademarks; execution of the License Agreement. |
| Jack Noonan | CEO SPSS Inc. 233 South Wacker Drive 11th Floor Chicago, IL 60606 (312) 651-3000 | Understanding of ownership of trademarks, existence of License Agreements; defendants' failure to disclose or enforce License Agreement; communications with Nie regarding assignment of trademarks assertions (or lack thereof) by defendants of quality control over SPSS products bearing the trademarks. |

**Rule 26(a)(1)(A)(ii) – Documents In SPSS's Possession, Custody or Control That SPSS May Use To Support Its Claims Or Defenses.**

SPSS identifies the following categories of documents within its possession, custody or control that it may use to support its claims or defenses:

1.    Communications between the parties regarding the License Agreement and the trademarks.

2.    SPSS's SEC filings during 1993 and 1994.

3.    Documents reflecting the incorporation of SPSS and its predecessors and stock ownership.

4.    Documents reflecting execution of the License Agreement by a director of SPSS and corporate minutes reflecting purported approval.

**Rule 26(a)(1)(A)(iii) – Computation Of Damages.**

SPSS is not seeking damages. SPSS is seeking its costs in this action, which cannot be calculated until the conclusion of this action.

**Rule 26(a)(1)(A)(iv) – Insurance Policies That May Satisfy Possible Judgments.**

SPSS's investigation continues as to any insurance agreements under which an insurer may be liable to satisfy all or part of any possible judgment entered against SPSS. Accordingly, SPSS reserves the right to supplement and/or amend these disclosures in accordance with the Federal Rules of Civil Procedure.

Dated: February 26, 2008

Respectfully submitted,

SPSS Inc.

By: _Robert J Kriss_

One of Its Attorneys

Robert J. Kriss
Edward H. Williams
Thomas V. Panoff
Daniel K. Storino
MAYER BROWN LLP
71 S. Wacker Drive
Chicago, IL 60606
(312) 782-0600

*Attorneys for Plaintiff/Counterdefendant SPSS Inc.*

## CERTIFICATE OF SERVICE

I, Thomas V. Panoff, an attorney, certify that I caused a true and correct copy of **PLAINTIFF/COUNTERDEFENDANT SPSS INC.'S INITIAL DISCLOSURES PURSUANT TO RULE 26(a)(1)** to be served on counsel listed below by causing the same to be deposited in the United States Mail, postage prepaid, and by fax, on February 26, 2008:

Peter V. Baugher
William B. Berndt
Jennifer A. Waters
Schopf & Weiss LLP
One South Wacker Drive
28th Floor
Chicago, Illinois 60606

Luther Orton
Snyder Miller & Orton LLP
111 Sutter Street, Suite 1950
San Francisco, California 94104

Thomas V. Panoff

# Exhibit B

## IN THE UNITED STATES DISTRICT COURT FOR THE
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| SPSS, Inc., | ) | |
| | ) | No. 08 C 66 |
| Plaintiff/Counterdefendant, | ) | |
| | ) | Judge John W. Darrah |
| v. | ) | |
| | ) | Magistrate Judge Arlander Keys |
| Norman H. Nie and C. Hadlai Hull, | ) | |
| | ) | |
| Defendants/Counterplaintiffs. | ) | |

## DEFENDANTS' RULE 26(a)(1) INITIAL DISCLOSURES

Defendants/Counterplaintiffs Norman H. Nie and C. Hadlai Hull (collectively "Defendants"), by their attorneys, hereby submit their Initial Disclosures pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure.

      A.      Pursuant to Rule 26(a)(1)(A)(i) of the Federal Rules of Civil Procedure, Defendants identify the following individuals as likely to have discoverable information that Defendants may use to support its defenses to Plaintiff's Complaint and to support their Counterclaim, other than solely for impeachment:

| Person | Subject of Discoverable Information |
|---|---|
| Norman H. Nie<br>13070 South Alta Lane<br>Los Altos, CA 94022<br>(208) 788-2468 | • All aspects of Defendants' defenses and Counterclaim |

178436_1.DOC

| | |
|---|---|
| C. Hadlai Hull<br>SPSS Inc.<br>233 South Wacker Drive<br>11th Floor<br>Chicago, Illinois 60606<br>312-651-3000<br>*Pursuant to William B. Berndt's letter to Edward H. Williams of February 11, 2008, Mr. Hull should be contacted on issues relating to this suit through counsel only* | • All aspects of Defendants' defenses and Counterclaim |
| Lawrence R. Samuels<br>McGuireWoods<br>77 West Wacker Drive<br>Suite 4100<br>Chicago, Illinois 60601<br>312-750-8693 | • Public Offering Process<br>• 2002-2004 Application for Trademark Registration<br>• SPSS Inc. Board Meetings and Deliberations<br>• Norman Nie's opposition to SPSS's ill-conceived acquisitions and AOL strategic alliance<br>• Norman Nie's expressions of concern about SPSS Inc.'s financial resource allocation and product quality<br>• Norman Nie's expressions of concern about the quality and functionality of SPSS, Inc. products |
| E. Leonard Rubin<br>Reed Smith<br>10 South Wacker Drive<br>Chicago, Illinois 60606<br>312-207-1000 | • 2002-2004 Application for Trademark Registration |
| Kenneth K. Dort<br>McGuireWoods<br>77 West Wacker Drive<br>Suite 4100<br>Chicago, Illinois 60601<br>312-321-7665 | • 2002-2004 Application for Trademark Registration |
| Ronald L. Wanke<br>Jenner & Block<br>330 North Wabash Avenue<br>Chicago, Illinois 60611<br>312-222-9350 | • License Agreement<br>• 1976 Application for Trademark Registration |

| | |
|---|---|
| Frederick B. Thomas<br>General Counsel of SPSS Inc.<br>Mayer Brown<br>71 S. Wacker Drive<br>Chicago, IL 60606<br>(312) 701-7035 | • SPSS Inc's knowledge of License Agreement<br>• 2002-2004 Application for Trademark Registration<br>• SPSS Inc's request for assignment of trademark rights<br>• SPSS Inc.'s compliance with/breach and repudiation of License Agreement |
| Patrick Bova<br>Defendants have not confirmed<br>Mr. Bova's contact information at<br>this time. | • Execution of License Agreement |
| Jack Noonan<br>President and CEO<br>SPSS Inc.<br>233 South Wacker Drive<br>11th Floor<br>Chicago, Illinois 60606<br>312-651-3000 | • Public Offering Process<br>• SPSS Inc's knowledge of License Agreement<br>• SPSS Inc.'s compliance with/breach and repudiation of License Agreement<br>• SPSS Inc.'s acquisitions<br>• SPSS Inc.–AOL strategic alliance<br>• SPSS Inc.'s financial resource allocation and product quality<br>• SPSS Inc.'s releases of products and product features<br>• SPSS Inc's request for assignment of trademark rights<br>• SPSS Inc.'s board meetings and deliberations<br>• Norman Nie's opposition to SPSS Inc.'s ill-conceived acquisitions and AOL strategic alliance<br>• Norman Nie's expressions of concern about SPSS Inc.'s financial resource allocation and product quality<br>• Norman Nie's expressions of concern about the quality and functionality of SPSS, Inc. products<br>• SPSS's revenues through use of trademark |
| Anthony Ciro<br>VP and Associate General Counsel<br>SPSS Inc.<br>233 South Wacker Drive<br>11th Floor<br>Chicago, Illinois 60606<br>312-651-3000 | • SPSS Inc's knowledge of License Agreement<br>• 2002-2004 Application for Trademark Registration<br>• SPSS Inc's request for assignment of trademark rights<br>• SPSS Inc.'s compliance with/breach and repudiation of License Agreement |

| | |
|---|---|
| Erin McQuead<br>VP, Associate General Counsel,<br>    Regulatory Affairs<br>SPSS Inc.<br>233 South Wacker Drive<br>11th Floor<br>Chicago, Illinois 60606<br>312-651-3000 | • SPSS Inc's knowledge of License Agreement<br>• 2002-2004 Application for Trademark Registration<br>• SPSS Inc's request for assignment of trademark rights<br>• SPSS Inc.'s compliance with/breach and repudiation<br>  of License Agreement |
| Raymond H. Panza<br>Executive VP, CFO, and Secretary<br>SPSS Inc.<br>233 South Wacker Drive<br>11th Floor<br>Chicago, Illinois 60606<br>312-651-3000 | • SPSS Inc.'s knowledge of License Agreement<br>• SPSS Inc.'s request for assignment of trademark<br>  rights<br>• SPSS Inc.'s compliance with/breach and repudiation<br>  of License Agreement<br>• SPSS's revenues through use of trademark |
| Edward Hamburg, Former SPSS<br>CFO<br>Defendants have not confirmed<br>Mr. Hamburg's contact<br>information at this time. | • Norman Nie's opposition to SPSS Inc.'s ill-conceived<br>  acquisitions and AOL strategic alliance<br>• Norman Nie's expressions of concern about SPSS<br>  Inc.'s financial resource allocation and product quality<br>• Norman Nie's expressions of concern about the<br>  quality and functionality of SPSS, Inc. products<br>• SPSS's revenues through use of trademark |
| SPSS Inc. Board Members<br>SPSS Inc.<br>233 South Wacker Drive<br>11th Floor<br>Chicago, Illinois 60606<br>312-651-3000 | • Norman Nie's opposition to SPSS Inc.'s ill-conceived<br>  acquisitions and AOL strategic alliance<br>• Norman Nie's expressions of concern about SPSS<br>  Inc.'s financial resource allocation and product quality<br>• Norman Nie's expressions of concern about the<br>  quality and functionality of SPSS, Inc. products |
| Louise Rehling<br>200 E Delaware Pl, Apt 24F<br>Chicago, IL 60611-7700<br>(312) 642-0741 | • Norman Nie's expressions of concern about SPSS<br>  Inc.'s financial resource allocation and product quality<br>• Norman Nie's expressions of concern about the<br>  quality and functionality of SPSS, Inc. products |
| Nancy Dobrozdravic<br>Vice President, Marketing<br>RiverGlass, Inc.<br>2700 International Drive<br>Suite 305<br>West Chicago, IL 60185<br>(630) 578-4267 | • Norman Nie's expressions of concern about SPSS<br>  Inc.'s financial resource allocation and product quality<br>• Norman Nie's expressions of concern about the<br>  quality and functionality of SPSS, Inc. products |

| Other SPSS Inc. Personnel and Customers | • Bugs in SPSS 16<br>• Bugs in Dimension 5.0 |
|---|---|

B.  Pursuant to Rule 26(a)(1)(A)(ii) of the Federal Rules of Civil Procedure, Defendants state they have the following documents, data compilations, and tangible things in their possession, custody or control that Defendants may use to support their defenses to Plaintiff's Complaint and to support their Counterclaims, other than documents they may use solely for impeachment.  (Other relevant documents exist outside of Defendants' possession, custody or control.)

- The License Agreement between Plaintiff and Defendants;

- The Trademark applications and registrations at issue;

- Correspondence between Plaintiff or Plaintiff's agents and Defendants regarding the License Agreement or trademark rights at issue;

- Correspondence between Plaintiff or Plaintiff's agents and Defendants regarding Defendants' requests for information pursuant to the License Agreement;

- Documents exchanged between Plaintiff or Plaintiff's agents and Defendants pursuant to the License Agreement;

- Documents related to concerns about ill-conceived acquisitions, AOL strategic alliance, SPSS, Inc. financial resource allocation and product quality, and concern about the quality and functionality of SPSS, Inc. products.

C.  Pursuant to Rule 26(a)(1)(A)(iii) of the Federal Rules of Civil Procedure, Defendants state that a remedy at law is inadequate to compensate them for Plaintiff's trademark infringement.  Accordingly, Defendants are entitled to an injunction as well as SPSS's revenues

gained through its use of the SPSS mark.  SPSS is in sole custody of documents reflecting the

nature and extent of these damages.

        D.     Pursuant to Rule 26(a)(1)(A)(iv) of the Federal Rules of Civil Procedure,

Defendants state that they have no applicable insurance policies.

Dated: February 26, 2008

                                   Respectfully submitted,

                                   _____

                                   One of the Attorneys for
                                   Defendants/Counterplaintiffs
                                   Norman H. Nie and C. Hadlai Hull

Peter V. Baugher
William B. Berndt
Jennifer A. Waters
Schopf & Weiss LLP
One South Wacker Drive, 28th Floor
Chicago, Illinois 60606
(312) 701-9300

Luther Orton
Snyder Miller & Orton LLP
111 Sutter Street, Suite 1950
San Francisco, California 94104
(415) 962-4400

## CERTIFICATE OF SERVICE

I, William B. Berndt, an attorney, state that I caused a copy of the attached

**Defendant's Rule 26(a)(1) Initial Disclosures** to be served by email and U.S. Mail,

postage prepaid, upon the individual listed below, on this 26th day of February, 2008.

> Robert J. Kriss
> Edward H. Williams
> Thomas V. Panoff
> Daniel K. Storino
> Mayer Brown LLP
> 71 South Wacker Drive
> Chicago, Illinois 60606

William B. Berndt

178919_1.DOC

# Exhibit C

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

SPSS Inc.,                                    )
                                             )
                Plaintiff/Counterdefendant,   )
                                             )
                        v.                    )    Case No.  08 C 66
                                             )
Norman H. Nie and C. Hadlai Hull,            )    Judge John W. Darrah
                                             )
                Defendants/Counterplaintiffs. )    Magistrate Judge Arlander Keys

## NOTICE OF DEPOSITION PURSUANT TO RULE 30(B)(6)

TO:    Robert J. Kriss
       Edward H. Williams
       Thomas V. Panoff
       Daniel K. Storino
       Mayer Brown LLP
       71 South Wacker Drive
       Chicago, Illinois 60606

        PLEASE TAKE NOTICE that Defendants Norman H. Nie and C. Hadlai Hull (collectively "Defendants"), by their undersigned attorneys, will take the discovery deposition of SPSS Inc. ("SPSS") beginning at 10:00 a.m. on April 28, 2008, at the offices of Schopf & Weiss LLP, 312 West Randolph Street, Suite 300, Chicago, Illinois.  The deposition will be conducted with respect to the matters described below.  Pursuant to Federal Rule of Civil Procedure 30(b)(6), SPSS shall designate one or more officers, directors, managing agents, or other persons to testify on its behalf.  The examination will be conducted on the following topics:

## MATTERS FOR EXAMINATION

        For the purposes of the list of topics below, the term License Agreement means the contract between Norman H. Nie and C. Hadlai Hull and SPSS, Inc. titled "License Agreement" bearing the effective date February 1, 1975 attached to Defendants' Counterclaim as Exhibit A.

        For the purposes of the list of topics below, the term 1978 Trademark Application and Registration means the application for and ultimate registration of SPSS with the United States Patent and Trademark Office on April 11, 1978 under number 1,089,094.

178975_1.DOC

For the purposes of the list of topics below, the term 2004 Trademark Application and Registration means the application for and ultimate registration of SPSS with the United States Patent and Trademark Office on July 20, 2004 under number 2,864,243.

For the purposes of the list of topics below, the term Assignment means the document titled "Trademark Assignment" attached to Defendants' Counterclaim as Exhibit D.

For the purposes of the list of topics below, the term "Communication" means any oral, written, or electronic transmission of information, opinion, belief, idea, or statement or attempt to do so, of any kind or character, including, by way of example and without limitation, personal conversations, telephone conversations, letters, minutes, meetings, memoranda, telegraphic, telex, computer and facsimile communications or transmittals of documents, and all documents concerning such oral, written, or electronic transmission. "Communication" as used herein specifically includes internal writings, memoranda, oral conversations or meetings among your officers, board members, employees or other representatives.

1. The 1978 Trademark Application and Registration.

2. SPSS's knowledge of the existence of the License Agreement.

3. SPSS's possession of the License Agreement and/or copies thereof.

4. The lapse of the trademark in 1999.

5. SPSS's decision to apply for the SPSS trademark beginning in 2002.

6. The 2004 Trademark Application and Registration.

7. Foreign registrations of the SPSS trademark.

8. The enforceability of the License Agreement.

9. SPSS's decision to request a trademark assignment from Defendants.

10. SPSS's responses to Defendants' attempts to enforce rights under the License Agreement.

11.    SPSS's non-public communications, whether oral or in writing, about the License Agreement.

12.    SPSS's public filings concerning the SPSS trademark and the License Agreement.

13.    SPSS's actual or contemplated preparation and filing of Form 8-K's concerning the License Agreement, the Trademark Assignment, this lawsuit and/or Defendants' counterclaim.

Dated:  March 3, 2008



One of the Attorneys for Norman H. Nie and C. Hadlai Hull

Peter V. Baugher
William B. Berndt
Jennifer A. Waters
Schopf & Weiss LLP
One South Wacker Drive, 28th Floor
Chicago, Illinois 60606
(312) 701-9300

Luther Orton (admitted *pro hac vice*)
Snyder Miller & Orton LLP
111 Sutter Street, Suite 1950
San Francisco, California 94104
(415) 962-4400

## CERTIFICATE OF SERVICE

I, Jennifer A. Waters, an attorney, state that I caused a copy of the attached **Notice of Deposition Pursuant To Rule 30(B)(6)** to be served by hand delivery, upon the individuals listed below, on this 3rd day of March, 2008.

Robert J. Kriss
Edward H. Williams
Thomas V. Panoff
Daniel K. Storino
Mayer Brown LLP
71 South Wacker Drive
Chicago, Illinois 60606

Jennifer A. Waters

178919_1.DOC

# Exhibit D

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| SPSS Inc., | ) | |
| | ) | |
| Plaintiff/Counterdefendant, | ) | Case No. 08 C 66 |
| | ) | |
| v. | ) | Judge John W. Darrah |
| | ) | |
| Norman H. Nie and C. Hadlai Hull, | ) | Magistrate Judge Arlander Keys |
| | ) | |
| Defendants/Counterplaintiffs. | ) | |

**PLAINTIFF'S OBJECTIONS TO DEFENDANTS'
NOTICE OF DEPOSITION PURSUANT TO RULE 30(B)(6)**

Plaintiff SPSS Inc. ("SPSS"), by and through its attorneys, hereby submits these
Objections to Defendants' Notice of Deposition Pursuant to Rule 30(b)(6).

**GENERAL OBJECTIONS**

1.    SPSS objects to the Notice of Deposition to the extent that the Matters for
Examination purport to impose obligations that exceed the requirements of applicable law,
including the Federal Rules of Civil Procedure and any other applicable court order or rule.

2.    SPSS objects to the Notice of Deposition to the extent that the Matters for
Examination seek information protected from discovery by the attorney-client privilege, attorney
work product doctrine, or any other applicable privilege or immunity from discovery. Nothing in
these Objections is intended to be, or in any way should be deemed, a waiver of an applicable
privilege or immunity.

3.    SPSS objects to the Notice of Deposition to the extent that SPSS should not have
to produce a designated witness for a Rule 30(b)(6) deposition and then again as a fact witness,
which would be unduly burdensome for SPSS and potentially violate Rule 30(d)(1).

4.      SPSS objects to the Notice of Deposition to the extent that the Matters for Examination seek information that does not exist, is not known to SPSS, is not reasonably available to SPSS, or is not within the custody or control of SPSS.

5.      SPSS objects to the Notice of Deposition to the extent that the Matters for Examination seek information that is already known or available to Defendants or within the custody or control of Defendants.

6.      SPSS objects to the Notice of Deposition to the extent that the Matters for Examination seek information that is duplicative of other discovery sought in this case, or calls for discovery that would be more easily obtained through other less burdensome means.

7.      SPSS objects to the Notice of Deposition to the extent that the Matters for Examination seek information that calls for a witness to testify as to a legal conclusion.

8.      SPSS objects to the Notice of Deposition because the parties have only just begun the production of documents in discovery and the Notice of Deposition is therefore premature.

<u>**SPECIFIC OBJECTIONS TO MATTERS FOR EXAMINATION**</u>

SPSS incorporates each of its General Objections into its Specific Objections to Matters for Examination as if fully set forth therein.

**MATTER FOR EXAMINATION NO. 1:** The 1978 Trademark Application and Registration.

**RESPONSE:** SPSS objects to this Matter for Examination on the grounds that it requests information protected from discovery by the attorney-client privilege and attorney work product doctrine and is vague, ambiguous, overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving any objection, SPSS states that it is not aware of any current employees[1] with any personal

---

[1] All references to current employees in these Objections excludes Defendant C. Hadlai Hull.

knowledge of the 1978 Trademark Application and Registration and that the only non-privileged information reasonably available to SPSS regarding this topic is the documents it produces in response to defendants' document requests subject to SPSS's objections.

**MATTER FOR EXAMINATION NO. 2:** SPSS's knowledge of the existence of the License Agreement.

**RESPONSE:** SPSS objects to this Matter for Examination on the grounds that it requests information protected from discovery by the attorney-client privilege and attorney work product doctrine and is vague, ambiguous, overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving any objections, SPSS states that Tony Ciro can testify about his discovery of the License Agreement in approximately October 2002, that SPSS is not aware of any current employees with any further personal knowledge regarding the existence of the License Agreement predating Tony Ciro's discovery and that any further non-privileged information reasonably available to SPSS regarding this topic would be the documents it produces in response to defendants' document requests subject to SPSS's objections.

**MATTER FOR EXAMINATION NO. 3:** SPSS's possession of the License Agreement and/or copies thereof.

**RESPONSE:** SPSS objects to this Matter for Examination on the grounds that it requests information protected from discovery by the attorney-client privilege and attorney work product doctrine and is vague, ambiguous, overly broad, unduly burdensome, cumulative and not reasonably calculated to lead to the discovery of admissible evidence.

**MATTER FOR EXAMINATION NO. 4:** The lapse of the trademark in 1999.

**RESPONSE:** SPSS objects to this Matter for Examination on the grounds that it requests information protected from discovery by the attorney-client privilege and attorney work product doctrine and is vague, ambiguous, overly broad, unduly burdensome and not reasonably

3

calculated to lead to the discovery of admissible evidence. Subject to and without waiving any objections, SPSS is not aware of any current SPSS employee with any personal knowledge of the lapse of the trademark in 1999 and that the only non-privileged information reasonably available to SPSS regarding this topic would be the documents it produces in response to defendants' document requests subject to SPSS's objections.

**MATTER FOR EXAMINATION NO. 5:** SPSS's decision to apply for the SPSS trademark beginning in 2002.

**RESPONSE:** SPSS objects to this Matter for Examination on the grounds that it requests information protected from discovery by the attorney-client privilege and attorney work product doctrine and is vague, ambiguous, overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving any objection, SPSS identifies Tony Ciro.

**MATTER FOR EXAMINATION NO. 6:** The 2004 Trademark Application and Registration.

**RESPONSE:** SPSS objects to this Matter for Examination on the grounds that it requests information protected from discovery by the attorney-client privilege and attorney work product doctrine and is vague, ambiguous, overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving any objection, SPSS identifies Tony Ciro.

**MATTER FOR EXAMINATION NO. 7:** Foreign registrations of the SPSS trademark.

**RESPONSE:** SPSS objects to this Matter for Examination on the grounds that it requests information protected from discovery by the attorney-client privilege and attorney work product doctrine and is vague, ambiguous, overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving any objection, SPSS identifies Tony Ciro.

**MATTER FOR EXAMINATION NO. 8:** The    enforceability    of    the    License Agreement.

**RESPONSE:** SPSS objects to this Matter for Examination on the grounds that it requests information protected from discovery by the attorney-client privilege and attorney work product doctrine and is vague, ambiguous, overly broad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and calls for a legal conclusion.

**MATTER FOR EXAMINATION NO. 9:** SPSS's decision to request a trademark assignment from Defendants.

**RESPONSE:** SPSS objects to this Matter for Examination on the grounds that it requests information protected from discovery by the attorney-client privilege and attorney work product doctrine and is vague, ambiguous, overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.

**MATTER FOR EXAMINATION NO. 10:** SPSS's responses to Defendants' attempts to enforce rights under the License Agreement.

**RESPONSE:** SPSS objects to this Matter for Examination on the grounds that it requests information protected from discovery by the attorney-client privilege and attorney work product doctrine and is vague, ambiguous, overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving any objection, SPSS identifies Tony Ciro.

**MATTER FOR EXAMINATION NO. 11:** SPSS's    non-public    communications, whether oral or in writing, about the License Agreement.

**RESPONSE:** SPSS objects to this Matter for Examination on the grounds that it requests information protected from discovery by the attorney-client privilege and attorney work product doctrine and is vague, ambiguous, overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving any objections, SPSS states that it is not aware of any current SPSS employee with personal

5

knowledge of any non-public communications about the License Agreement predating its discovery by Tony Ciro in or around October 2002 and that the only non-privileged information reasonably available to SPSS regarding this topic predating October 2002 would be the documents it produces in response to defendants' document requests subject to SPSS's objections. Subject to and without waiving any objection, with respect to non-public communications that took place after October 2002, SPSS identifies Tony Ciro.

**MATTER FOR EXAMINATION NO. 12:** SPSS's public filings concerning the SPSS trademark and the License Agreement.

**RESPONSE:** SPSS objects to this Matter for Examination on the grounds that it requests information protected from discovery by the attorney-client privilege and attorney work product doctrine and is vague, ambiguous, overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.

**MATTER FOR EXAMINATION NO. 13:** SPSS's actual or contemplated preparation and filing of Form 8-K's concerning the License Agreement, the Trademark Assignment, this lawsuit and/or Defendant's counterclaim.

**RESPONSE:** SPSS objects to this Matter for Examination on the grounds that it requests information protected from discovery by the attorney-client privilege and attorney work product doctrine and is vague, ambiguous, overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.

Dated:  April 23, 2008                    SPSS INC.

                                          By:_____
                                          One of its attorneys

                                          Robert J. Kriss
                                          Edward H. Williams
                                          Thomas V. Panoff
                                          Daniel K Storino
                                          MAYER BROWN LLP
                                          71 South Wacker Drive
                                          Chicago, Illinois 60606
                                          (312) 782-0600

7

## CERTIFICATE OF SERVICE

I, Thomas V. Panoff, an attorney, certify that I caused a copy of the foregoing **PLAINTIFF'S OBJECTIONS TO DEFENDANTS' NOTICE OF DEPOSITION PURSUANT TO RULE 30(B)(6)** to be served on April 23, 2008 by fax and overnight mail to the attorneys listed below.

> Peter V. Baugher
> William B. Berndt
> Jennifer A. Waters
> Schopf & Weiss LLP
> One South Wacker Drive
> 28th Floor
> Chicago, Illinois 60606
>
> Luther Orton
> Snyder Miller & Orton LLP
> 111 Sutter Street, Suite 1950
> San Francisco, California 94104

_____

Thomas V. Panoff

# Exhibit E

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| SPSS Inc., | ) | |
| | ) | |
| Plaintiff/Counterdefendant, | ) | Case No. 08 C 66 |
| | ) | |
| v. | ) | Judge John W. Darrah |
| | ) | |
| Norman H. Nie and C. Hadlai Hull, | ) | Magistrate Judge Arlander Keys |
| | ) | |
| Defendants/Counterplaintiffs. | ) | |

## PLAINTIFF'S RESPONSES TO DEFENDANTS' FIRST INTERROGATORIES TO SPSS INC.

Plaintiff SPSS Inc. ("SPSS"), by and through its attorneys, hereby submits these objections and responses to Defendants' First Interrogatories to SPSS Inc.

## GENERAL OBJECTIONS

1.    SPSS objects to these Interrogatories to the extent that they purport to impose obligations that exceed the requirements of applicable law, including the Federal Rules of Civil Procedure and any other applicable court order or rule.

2.    SPSS objects to these Interrogatories to the extent that they seek information protected from discovery by the attorney-client privilege, attorney work product doctrine, or any other applicable privilege or immunity from discovery. Any disclosure of information by SPSS would be inadvertent and would not be intended to constitute a waiver of any applicable privilege or immunity.

3.    SPSS's response to an Interrogatory does not constitute an admission of the facts or allegations stated and/or implied in a particular Interrogatory.

4.    These Responses are based on SPSS's current understanding of the Interrogatories and upon the knowledge, information, and beliefs SPSS has acquired to date.  Accordingly, SPSS reserves the right to supplement, revise, clarify, or correct these Responses and objections.

## OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS

1.    SPSS objects to Defendants' Definition No. 6 because the terms "SPSS Inc.," "the Company," and "SPSS" are defined in an overbroad fashion and would impose an undue burden on SPSS to identify, and inquire with, every entity listed in Definition No. 6.

2.    SPSS objects to Defendants' Definition No. 11 because the terms "relate" and "relating" are overbroad and would impose an undue burden on SPSS.

## INTERROGATORIES AND RESPONSES

SPSS incorporates each of its General Objections and its Objections to Definitions and Instructions into its Responses to each Interrogatory as if fully set forth therein.

**INTERROGATORY NO. 1:** Identify the owner or owners of the Trademarks "SPSS" and "Statistical Package for the Social Sciences."  If you contend SPSS is the owner of the Trademarks "SPSS" or "Statistical Package for the Social Sciences," explain any and all bases for that contention.

**ANSWER:**    SPSS objects to this Interrogatory on the grounds that it is overly broad and unduly burdensome.  SPSS's investigation into the facts surrounding the issues addressed in this Interrogatory is on-going.  SPSS will supplement its Response to this Interrogatory, if needed, at an appropriate time.

**INTERROGATORY NO. 2:** Identify all persons, including but not limited to any employees, officers, agents, attorneys, or auditors of the Company, who have reviewed the License Agreement or a copy of the License Agreement, and the dates on which they reviewed the License Agreement or a copy of the License Agreement, and the purpose of the review.

**ANSWER:**    SPSS objects to this Interrogatory on the grounds that it is vague, overly broad, unduly burdensome and is not reasonably calculated to lead to the discovery of admissible evidence.  Subject to and without waiving any objection, SPSS states that it is aware of the

2

following individuals who have seen or read the License Agreement: attorneys for SPSS, Ray Panza and Jack Noonan.

**INTERROGATORY NO. 3:** Identify the persons with knowledge regarding the following subjects, including their name, address, telephone number, and a description of their knowledge:

    a)    the 1978 Trademark Application and Registration;

    b)    the lapse of the registration of the Trademarks "SPSS" in 1999;

    c)    the 2004 Trademark Application and Registration;

    d)    any foreign registrations of the Trademarks "SPSS" and "Statistical Package for the Social Sciences";

    e)    any action to enforce the rights of Defendants and/or SPSS in the Trademarks "SPSS" and "Statistical Package for the Social Sciences" in the United States or internationally; and

    f)    the Trademark Assignment.

**ANSWER:**  SPSS objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.  Subject to and without waiving any objections, SPSS states:

<u>Subpart (a):</u>    Aside from individuals identified in produced documents that relate to the 1978 Trademark Application and Registration, SPSS is not aware of any further individuals who may have knowledge of the 1978 Trademark Application and Registration.

<u>Subpart (b):</u>  In addition to individuals identified in produced documents that relate to the lapse of the registration of the Trademarks "SPSS," since approximately October 2002, Anthony Ciro has had some knowledge of the lapse of the registration of the Trademarks "SPSS."

<u>Subpart (c):</u>  In addition to individuals identified in produced documents that relate to the 2004 Trademark Application and Registration, Anthony Ciro has some knowledge of the 2004 Trademark Application and Registration.

3

Subpart (d):  In addition to individuals identified in produced documents that relate to SPSS's foreign registrations of the Trademarks "SPSS" and "Statistical Package for the Social Sciences," Anthony Ciro has some knowledge of SPSS's foreign registrations of the Trademarks "SPSS" and "Statistical Package for the Social Sciences."

Subpart (e):  In addition to individuals identified in produced documents that relate to actions to enforce the rights of SPSS in the Trademarks "SPSS" and "Statistical Package for the Social Sciences," Anthony Ciro has some knowledge of actions to enforce the rights of SPSS in the Trademarks "SPSS" and "Statistical Package for the Social Sciences."

Subpart (f):  Anthony Ciro, Erin McQuade, Ray Panza, Jack Noonan, C. Hadlai Hull, Norman Nie and E. Leonard Rubin.

**INTERROGATORY NO. 4:** Identify all communications regarding the Trademark Assignment, including but not limited to any oral communications regarding the Trademark Assignment.  With regard to each communication, identify the persons involved in the communication, the date of the communication, and the substance of the communication.

**ANSWER:**  SPSS objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and seeks to invade the attorney-client privilege and work product doctrine.  With respect to written communications, SPSS will produce in accordance with Rule 33(d) documents reflecting communications between Defendants and SPSS regarding the Trademark Assignment.  With respect to oral communications, SPSS states that Ray Panza and Norman Nie had a phone conversation during which Nie agreed to sign the Trademark Assignment.  After some time, however, and despite Nie's statement to Panza that he would sign the Trademark Assignment, Nie informed SPSS that he was no longer willing to sign the Trademark Assignment unless SPSS paid approximately $20 million.  SPSS is not aware of any other non-privileged communications regarding the Trademark Assignment.

4

**INTERROGATORY NO. 5:** Identify any and all reasons that you contend that Defendants are not entitled to all rights granted to them under the License Agreement.

**ANSWER:** SPSS objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome and seeks to invade the attorney-client privilege and work product doctrine. Without waiving any objection, SPSS refers Defendants to its Complaint and its Answer to Defendants' Counterclaim, which summarize the basis for SPSS's contention that Defendants are not entitled to enforce the License Agreement.

**INTERROGATORY NO. 6:** Describe any and all breaches of the License Agreement by Defendants.

**ANSWER:** SPSS objects to this Interrogatory on the grounds that it is overly broad and unduly burdensome. Without waiving any objection, SPSS states that Defendants never established any standards of quality for goods and services using the trademark, in violation of Paragraph Four of the purported License Agreement. Investigation continues.

**INTERROGATORY NO. 7:** Identify the location of the License Agreement or any copies of the License Agreement from 1975 to the present.

**ANSWER:** SPSS objects to this Interrogatory on the grounds that is overly broad and unduly burdensome. Without waiving any objection, SPSS states that in March 2008 it discovered a copy of the License Agreement attached to a document appearing to be the minutes of a special meeting of the Board of Directors on September 14, 1977. SPSS further states that in approximately October 2002, Anthony Ciro located a copy of the License Agreement in a filing cabinet in a storage room on the ninth floor of its headquarters, located at 233 South Wacker Drive, Chicago, Illinois. Copies of the file in which it was contained and the surrounding files will be produced at a mutually agreeable time and place. Copies of a document appearing to be the minutes of the September 14, 1977 special meeting of the Board of Directors will also be produced at a mutually agreeable time and place. The storage room in which

5

Anthony Ciro located the copy of the License Agreement contains seven filing cabinets and additional document storage on shelves and in boxes. The specific filing cabinet where the document was found is used infrequently by SPSS and contains many other historical SPSS documents. The documents in the filing cabinet are not organized in any systematic manner and many of the documents are in poor condition due to their age.

Dated: April 2, 2008

SPSS INC.

By:_____

One of its attorneys

Robert J. Kriss
Edward H. Williams
Thomas V. Panoff
Daniel K. Storino
MAYER BROWN LLP
71 South Wacker Drive
Chicago, Illinois 60606
(312) 782-0600

6

## VERIFICATION

I, Anthony Ciro, Associate General Counsel of SPSS Inc., declare that the foregoing **PLAINTIFF'S RESPONSES TO DEFENDANTS' FIRST INTERROGATORIES TO SPSS INC.** are true and correct to the best of my knowledge, information, and belief, including information within my personal knowledge and information provided to me by others at SPSS Inc., which I believe to be reliable and correct.

Dated:  April 2, 2008

_____
Anthony Ciro

## CERTIFICATE OF SERVICE

I, Thomas V. Panoff, an attorney, certify that I caused a copy of the foregoing

**PLAINTIFF'S RESPONSES TO DEFENDANTS' FIRST INTERROGATORIES TO**

**SPSS INC.** to be served on April 2, 2008 by fax and U.S. mail to the attorneys listed below.

Peter V. Baugher
William B. Berndt
Jennifer A. Waters
Schopf & Weiss LLP
One South Wacker Drive
28th Floor
Chicago, Illinois 60606

Luther Orton
Snyder Miller & Orton LLP
111 Sutter Street, Suite 1950
San Francisco, California 94104

_____
Thomas V. Panoff

# Exhibit F

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| SPSS Inc., | ) | |
| | ) | |
| Plaintiff/Counterdefendant, | ) | Case No. 08 C 66 |
| | ) | |
| v. | ) | Judge John W. Darrah |
| | ) | |
| Norman H. Nie and C. Hadlai Hull, | ) | Magistrate Judge Arlander Keys |
| | ) | |
| Defendants/Counterplaintiffs. | ) | |

## PLAINTIFF'S RESPONSES TO DEFENDANTS'
## FIRST REQUESTS FOR ADMISSION TO SPSS INC.

Plaintiff SPSS Inc. ("SPSS"), by and through its attorneys, hereby submits these objections and responses to Defendants' First Requests for Admission.

## GENERAL OBJECTIONS

1.      SPSS objects to Defendants' First Requests for Admission to the extent that they seek admissions beyond the permissible scope of discovery as provided for in the Federal Rules of Civil Procedure, applicable law, or any other applicable court order or rule.

2.      SPSS objects to Defendants' First Requests for Admission to the extent that they do not request that SPSS admit or deny a "fact" but instead seek admission of speculation or legal conclusions.

3.      SPSS objects to Defendants' First Requests for Admission to the extent that they are overly broad, indefinite, vague, or fail to set forth with reasonable particularity the information requested.

4.      SPSS objects to Defendants' First Requests for Admission to the extent that they call for information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege, doctrine, or immunity from discovery.

5.      SPSS's responses given below are based on information currently available to SPSS. Investigation continues, however, and SPSS reserves the right to amend or supplement its objections and responses as necessary. By this objection, SPSS does not expand its obligation to amend or supplement its answers beyond the requirements of the Federal Rules of Civil Procedure and applicable law.

6.      SPSS's response to any Request for Admission is not intended to be and should not be construed as an acknowledgement that the requested information is relevant to the subject matter of this action.

<u>**OBJECTION TO DEFINITION**</u>

1.      SPSS objects to Defendants' Definition No. 2 because the terms "SPSS Inc." and "SPSS" are defined in an overbroad fashion and would impose an undue burden on SPSS to identify, and inquire with, every entity listed in Definition No. 2.

<u>**REQUESTS FOR ADMISSION AND RESPONSES**</u>

SPSS incorporates each of its General Objections and its Objection to Definition into its Responses to each Request for Admission as if fully set forth therein.

<u>**REQUEST NO. 1:**</u>   The License Agreement was signed by Patrick Bova.

**RESPONSE:** SPSS has made a reasonable inquiry and the information it knows or can readily obtain is insufficient to enable it to admit or to deny.

<u>**REQUEST NO. 2:**</u>   Patrick Bova was a member of the SPSS Inc. Board of Directors of SPSS Inc. at the time he signed the License Agreement.

**RESPONSE:** SPSS cannot unqualifiedly admit or deny because, as stated in SPSS's

Response to Request to Admit No. 1, SPSS lacks sufficient knowledge and information either to admit or deny whether Patrick Bova signed the License Agreement. SPSS admits that Patrick Bova was a member of the SPSS Board of Directors at the time Defendants allege that he signed the License Agreement.

**REQUEST NO. 3:**    Patrick Bova purported to sign the License Agreement on behalf of SPSS Inc.

**RESPONSE:** SPSS objects to this Request on the grounds that the phrase "purported to sign" is vague and ambiguous. SPSS cannot unqualifiedly admit or deny because, as stated in SPSS's Response to Request to Admit No. 1, SPSS lacks sufficient knowledge and information either to admit or deny whether Patrick Bova signed the License Agreement. SPSS admits that there is a signature below the name "SPSS, Inc." on the License Agreement.

**REQUEST NO. 4:**   The Board of Directors of SPSS Inc. approved the execution of the License Agreement.

**RESPONSE:** SPSS cannot unqualifiedly admit or deny because SPSS lacks sufficient knowledge and information either to admit or deny whether the Board of Directors approved the execution of the License Agreement. SPSS admits that a document appearing to be the minutes of a special meeting of the Board of Directors on September 14, 1977 indicates that the Board of Directors approved and ratified the License Agreement.

**REQUEST NO. 5:**   The Board of Directors of SPSS Inc. had authority to approve the execution of the License Agreement.

**RESPONSE:** SPSS has made a reasonable inquiry and the information it knows or can readily obtain is insufficient to enable it to admit or to deny.

**REQUEST NO. 6:**   SPSS Inc. was aware of the License Agreement in 1976.

**RESPONSE:** SPSS cannot unqualifiedly admit or deny because SPSS lacks sufficient knowledge and information either to admit or deny whether SPSS was aware of the License

3

Agreement in 1976.  SPSS admits that in March 2008 it discovered a document appearing to be the minutes of a special meeting of the Board of Directors on September 14, 1977 indicating that the Board of Directors approved and ratified the License Agreement at that meeting.

**REQUEST NO. 7:**    SPSS Inc. was aware of the License Agreement in 1977.

**RESPONSE:**  SPSS cannot unqualifiedly admit or deny because SPSS lacks sufficient knowledge and information either to admit or deny whether SPSS was aware of the License Agreement in 1977.  SPSS admits that in March 2008 it discovered a document appearing to be the minutes of a special meeting of the Board of Directors on September 14, 1977 indicating that the Board of Directors approved and ratified the License Agreement at that meeting.

**REQUEST NO. 8:**    SPSS Inc. was aware of the License Agreement in 1978.

**RESPONSE:**  SPSS cannot unqualifiedly admit or deny because SPSS lacks sufficient knowledge and information either to admit or deny whether SPSS was aware of the License Agreement in 1978.  SPSS admits that in March 2008 it discovered a document appearing to be the minutes of a special meeting of the Board of Directors on September 14, 1977 indicating that the Board of Directors approved and ratified the License Agreement at that meeting.

**REQUEST NO. 9:**    SPSS Inc. was aware of the License Agreement between 1978 and 1992.

**RESPONSE:**  SPSS cannot unqualifiedly admit or deny because SPSS lacks sufficient knowledge and information either to admit or deny whether SPSS was aware of the License Agreement between 1978 and 1992.  SPSS admits that in March 2008 it discovered a document appearing to be the minutes of a special meeting of the Board of Directors on September 14, 1977 indicating that the Board of Directors approved and ratified the License Agreement at that meeting.

**REQUEST NO. 10:**  SPSS Inc. was aware of the License Agreement between 1992 and 1999.

4

**RESPONSE:** SPSS cannot unqualifiedly admit or deny because SPSS lacks sufficient knowledge and information either to admit or deny whether SPSS was aware of the License Agreement between 1992 and 1999. SPSS admits that in March 2008 it discovered a document appearing to be the minutes of a special meeting of the Board of Directors on September 14, 1977 indicating that the Board of Directors approved and ratified the License Agreement at that meeting.

**REQUEST NO. 11:** SPSS Inc. was aware of the License Agreement between 1999 and 2001.

**RESPONSE:** SPSS cannot unqualifiedly admit or deny because SPSS lacks sufficient knowledge and information either to admit or deny whether SPSS was aware of the License Agreement between 1999 and 2001. SPSS admits that in March 2008 it discovered a document appearing to be the minutes of a special meeting of the Board of Directors on September 14, 1977 indicating that the Board of Directors approved and ratified the License Agreement at that meeting.

**REQUEST NO. 12:** SPSS Inc. was aware of the License Agreement in 2002.

**RESPONSE:** SPSS cannot unqualifiedly admit or deny because SPSS lacks sufficient knowledge and information either to admit or deny whether SPSS was aware of the License Agreement prior to approximately October 2002. SPSS admits that in March 2008 it discovered a document appearing to be the minutes of a special meeting of the Board of Directors on September 14, 1977 indicating that the Board of Directors approved and ratified the License Agreement at that meeting. SPSS further admits that from approximately October 2002 to the present, SPSS was aware of the License Agreement.

**REQUEST NO. 13:** SPSS Inc. was aware of the License Agreement in 2003.

**RESPONSE:** Admitted.

**REQUEST NO. 14:** SPSS Inc. was aware of the License Agreement in 2004.

**RESPONSE:** Admitted.

**REQUEST NO. 15:** SPSS Inc. was aware of the License Agreement after 2004.

**RESPONSE:** Admitted.

**REQUEST NO. 16:** SPSS Inc. was aware of the License Agreement before the 2004 Trademark Application and Registration.

**RESPONSE:** Admitted.

**REQUEST NO. 17:** SPSS Inc. had a copy of the License Agreement in its possession prior to 2002.

**RESPONSE:** SPSS cannot unqualifiedly admit or deny because SPSS lacks sufficient knowledge and information either to admit or deny whether SPSS had a copy of the License Agreement in its possession prior to 2002. SPSS admits that in March 2008 it discovered a copy of the License Agreement attached to a document appearing to be the minutes of a special meeting of the Board of Directors on September 14, 1977 indicating that the Board of Directors approved and ratified the License Agreement at that meeting.

**REQUEST NO. 18:** SPSS Inc. had a copy of the License Agreement in its possession in 1976.

**RESPONSE:** SPSS cannot unqualifiedly admit or deny because SPSS lacks sufficient knowledge and information either to admit or deny whether SPSS had a copy of the License Agreement in its possession in 1976. SPSS admits that in March 2008 it discovered a copy of the License Agreement attached to a document appearing to be the minutes of a special meeting of the Board of Directors on September 14, 1977 indicating that the Board of Directors approved and ratified the License Agreement at that meeting.

**REQUEST NO. 19:** SPSS Inc. had a copy of the License Agreement in its possession in 1977.

6

**RESPONSE:** SPSS cannot unqualifiedly admit or deny because SPSS lacks sufficient knowledge and information either to admit or deny whether SPSS had a copy of the License Agreement in its possession in 1977. SPSS admits that in March 2008 it discovered a copy of the License Agreement attached to a document appearing to be the minutes of a special meeting of the Board of Directors on September 14, 1977 indicating that the Board of Directors approved and ratified the License Agreement at that meeting.

**REQUEST NO. 20:** SPSS Inc. had a copy of the License Agreement in its possession in 1978.

**RESPONSE:** SPSS cannot unqualifiedly admit or deny because SPSS lacks sufficient knowledge and information either to admit or deny whether SPSS had a copy of the License Agreement in its possession in 1978. SPSS admits that in March 2008 it discovered a copy of the License Agreement attached to a document appearing to be the minutes of a special meeting of the Board of Directors on September 14, 1977 indicating that the Board of Directors approved and ratified the License Agreement at that meeting.

**REQUEST NO. 21:** SPSS Inc. had a copy of the License Agreement in its possession between 1978 and 1992.

**RESPONSE:** SPSS cannot unqualifiedly admit or deny because SPSS lacks sufficient knowledge and information either to admit or deny whether SPSS had a copy of the License Agreement in its possession between 1978 and 1992. SPSS admits that in March 2008 it discovered a copy of the License Agreement attached to a document appearing to be the minutes of a special meeting of the Board of Directors on September 14, 1977 indicating that the Board of Directors approved and ratified the License Agreement at that meeting.

**REQUEST NO. 22:** SPSS Inc. had a copy of the License Agreement in its possession between 1992 and 1999.

**RESPONSE:** SPSS cannot unqualifiedly admit or deny because SPSS lacks sufficient knowledge and information either to admit or deny whether SPSS had a copy of the License Agreement in its possession between 1992 and 1999. SPSS admits that in March 2008 it discovered a copy of the License Agreement attached to a document appearing to be the minutes of a special meeting of the Board of Directors on September 14, 1977 indicating that the Board of Directors approved and ratified the License Agreement at that meeting.

**REQUEST NO. 23:** SPSS Inc. had a copy of the License Agreement in its possession between 1999 and 2001.

**RESPONSE:** SPSS cannot unqualifiedly admit or deny because SPSS lacks sufficient knowledge and information either to admit or deny whether SPSS had a copy of the License Agreement in its possession between 1999 and 2001. SPSS admits that in March 2008 it discovered a copy of the License Agreement attached to a document appearing to be the minutes of a special meeting of the Board of Directors on September 14, 1977 indicating that the Board of Directors approved and ratified the License Agreement at that meeting.

**REQUEST NO. 24:** SPSS Inc. had a copy of the License Agreement in its possession in 2002.

**RESPONSE:** SPSS cannot unqualifiedly admit or deny because SPSS lacks sufficient knowledge and information either to admit or deny whether SPSS had a copy of the License Agreement in its possession prior to approximately October 2002. SPSS admits that in March 2008 it discovered a copy of the License Agreement attached to a document appearing to be the minutes of a special meeting of the Board of Directors on September 14, 1977 indicating that the Board of Directors approved and ratified the License Agreement at that meeting. SPSS further admits that from approximately October 2002 to the present, SPSS has had a copy of the License Agreement in its possession.

**REQUEST NO. 25:**  SPSS Inc. had a copy of the License Agreement in its possession in 2003.

**RESPONSE:** Admitted.

**REQUEST NO. 26:**  SPSS Inc. had a copy of the License Agreement in its possession in 2004.

**RESPONSE:** Admitted.

**REQUEST NO. 27:**  SPSS Inc. had a copy of the License Agreement in its possession after 2004.

**RESPONSE:** Admitted.

**REQUEST NO. 28:**  SPSS Inc. does not know of any time period during which the company did *not* have a copy of the License Agreement in its possession.

**RESPONSE:**  SPSS objects to this Request to Admit on the grounds that it is vague, confusing, and misleading, and on the grounds that the phrase "any time period" is overbroad and vague.  SPSS cannot unqualifiedly admit or deny because SPSS lacks sufficient knowledge and information either to admit or deny whether SPSS had a copy of the License Agreement in its possession prior to approximately October 2002.  SPSS admits that in March 2008 it discovered a copy of the License Agreement attached to a document appearing to be the minutes of a special meeting of the Board of Directors on September 14, 1977 indicating that the Board of Directors approved and ratified the License Agreement at that meeting.  SPSS further admits that from approximately October 2002 to the present, SPSS has had a copy of the License Agreement in its possession.

**REQUEST NO. 29:**  SPSS Inc. is not aware of any written agreement that allows it to recover its costs in this action.

**RESPONSE:**  SPSS objects to this Request to Admit as vague and confusing because it does not identify the party or parties from whom SPSS may or may not have a written agreement allowing it to recover its costs in this action.  SPSS admits that it is not aware of any written

9

agreement with defendants that allows it to recover its costs in this action from defendants.

**REQUEST NO. 30:**   In 2002 SPSS Inc. directed counsel to apply for registration of the SPSS trademark.

**RESPONSE:**  SPSS cannot unqualifiedly admit or deny this Request to Admit because SPSS did not direct Kenneth Dort in 2002 to file an application for the SPSS trademark. SPSS admits that in late 2002 it did direct E. Leonard Rubin to pursue registration of the SPSS trademark.

**REQUEST NO. 31:**  At SPSS Inc.'s direction, in 2002 Kenneth K. Dort filed an application for the SPSS trademark listing Norman H. Nie and C. Hadlai Hull as the owners of the mark.

**RESPONSE:**  Denied.

**REQUEST NO. 32:**  At SPSS Inc.'s direction, during 2003 and 2004 E. Leonard Rubin filed additional documents in furtherance of the application for the SPSS trademark.

**RESPONSE:**  Admitted.

**REQUEST NO. 33:**  All of the documents that E. Leonard Rubin filed in furtherance of the application for the SPSS trademark listed Norman H. Nie and C. Hadlai Hull as the owners of the mark.

**RESPONSE:**  SPSS has made a reasonable inquiry and the information it knows or can readily obtain is insufficient to enable it to admit or to deny.

**REQUEST NO. 34:**  All documents in the 2004 Trademark Application and Registration correctly listed Defendants as owners of the SPSS trademark.

**RESPONSE:**  SPSS objects to this Request to Admit on the grounds that the phrase "correctly listed" is vague and ambiguous. SPSS has made a reasonable inquiry and the information it knows or can readily obtain is insufficient to enable it to admit or to deny.

**REQUEST NO. 35:**  Jack Noonan knew about the 2004 Trademark Application and Registration before Kenneth K. Dort filed the initial application in 2002.

**RESPONSE:**  Denied.

**REQUEST NO. 36:**  The Assignment was drafted at the direction of Anthony Ciro.

10

**RESPONSE:** Admitted.

**REQUEST NO. 37:** Attorneys at Mayer Brown drafted the Assignment.

**RESPONSE:** Denied.

**REQUEST NO. 38:** Jack Noonan knew about the request for a draft Assignment before or at the time it was prepared.

**RESPONSE:** Admitted.

**REQUEST NO. 39:** Jack Noonan directed the preparation of the Assignment.

**RESPONSE:** Denied.

**REQUEST NO. 40:** Jack Noonan authorized the preparation of the Assignment.

**RESPONSE:** Admitted.

Dated: April 2, 2008

SPSS INC.

By: _____
One of its attorneys

Robert J. Kriss
Edward H. Williams
Thomas V. Panoff
Daniel K. Storino
MAYER BROWN LLP
71 South Wacker Drive
Chicago, Illinois 60606
(312) 782-0600

## CERTIFICATE OF SERVICE

I, Thomas V. Panoff, an attorney, certify that I caused a copy of the foregoing

**PLAINTIFF'S RESPONSES TO DEFENDANTS' FIRST REQUESTS FOR ADMISSION**

**TO SPSS INC.** to be served on April 2, 2008 by fax and U.S. mail to the attorneys listed below.


Peter V. Baugher
William B. Berndt
Jennifer A. Waters
Schopf & Weiss LLP
One South Wacker Drive
28th Floor
Chicago, Illinois 60606

Luther Orton
Snyder Miller & Orton LLP
111 Sutter Street, Suite 1950
San Francisco, California 94104

_____
Thomas V. Panoff

# Exhibit G

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

SPSS Inc.,                                )
                                          )
      Plaintiff/Counterdefendant,      )     Case No. 08 C 66
                                          )
      v.                                )     Judge John W. Darrah
                                          )
Norman H. Nie and C. Hadlai Hull,         )     Magistrate Judge Arlander Keys
                                          )
      Defendants/Counterplaintiffs.     )

## PLAINTIFF'S RESPONSES TO DEFENDANTS' REQUESTS
## FOR PRODUCTION OF DOCUMENTS TO SPSS INC.

Plaintiff SPSS Inc. ("SPSS"), by and through its attorneys, hereby submits these objections and responses to Defendants' First Requests for the Production of Documents.

### GENERAL OBJECTIONS

1.    SPSS objects to these Requests to the extent that they purport to impose obligations that exceed the requirements of applicable law, including the Federal Rules of Civil Procedure and any other applicable court order or rule.

2.    SPSS objects to these Requests to the extent that they seek the production of documents protected from discovery by the attorney-client privilege, attorney work product doctrine, or any other applicable privilege or immunity from discovery. Any production of such documents by SPSS would be inadvertent and would not be intended to constitute a waiver of any applicable privilege or immunity. In addition, Mayer Brown LLP was retained by SPSS to provide various legal services in or around November 2005 and has represented SPSS in connection with this dispute. SPSS objects to producing a privilege log of materials prepared by, for, or at the request of Mayer Brown LLP in connection with this dispute. SPSS will produce a

privilege log to the extent that there are privileged documents that were not prepared by, for, or at the request of Mayer Brown LLP in connection with this dispute.

      3.      SPSS objects to these Requests to the extent that they purport to require the production of documents, things, or information in the possession, custody, or control of any person or entity other than SPSS. SPSS responds to these Requests based on documents, things, and information presently in SPSS's possession, custody, and control.

      4.      SPSS expressly reserves all objections to the relevance, authenticity, or admissibility of any document sought by the Requests.

      5.      SPSS's response that it will produce the documents sought by a Request does not constitute an admission that it actually possesses the documents requested or that such documents exist, nor does it constitute an admission of the facts or allegations stated and/or implied in a particular Request.

## OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS

      1.      SPSS objects to Defendants' Definition No. 3 because the terms "SPSS Inc.," "the Company," and "SPSS" are defined in an overbroad fashion and would impose an undue burden on SPSS to identify, inquire with, and produce relevant documents from, every entity listed in Definition No. 3.

      2.      SPSS objects to Defendants' Definition No. 9 because the terms "relate" and "relating" are vague, ambiguous, and overbroad, and would impose an undue burden on SPSS to identify, locate, and produce all such documents as defined in Definition No. 9.

      3.      SPSS objects to Instruction No. 1 to the extent that it seeks documents protected by the attorney-client privilege, attorney work product doctrine, or any other applicable privilege or immunity from discovery.

## REQUESTS FOR PRODUCTION AND RESPONSES

SPSS incorporates each of its General Objections and its Objections to Definitions and Instructions into its Responses to each Request for Production as if fully set forth therein.

**REQUEST NO. 1:**    All documents referring or relating to the License Agreement.

**RESPONSE:** SPSS objects to this Request on the grounds that it is overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving any objection, SPSS will produce at a mutually agreeable time and place the License Agreement, any correspondence between Defendants and SPSS that references the License Agreement and any SPSS board minutes referencing the License Agreement.

**REQUEST NO. 2:**    All documents referring or relating to the location of any and all copies of the License Agreement from 1975 to the present.

**RESPONSE:** SPSS objects to this Request on the grounds that it is overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving any objection, SPSS will produce at a mutually agreeable time and place the file where the License Agreement was found by Anthony Ciro in approximately October 2002 and any SPSS board minutes referencing the License Agreement.

**REQUEST NO. 3:**    All documents referring or relating to any persons who have had possession of a copy of the License Agreement.

**RESPONSE:** SPSS objects to this Request on the grounds that it is overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving any objection, SPSS will produce at a mutually agreeable time and place the file where the License Agreement was found by Anthony Ciro in approximately October 2002 and any SPSS board minutes referencing the License Agreement.

3

**REQUEST NO. 4:**    All documents referring or relating to the review of the License Agreement by any person.

**RESPONSE:** SPSS objects to this Request on the grounds that it is vague, overly broad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence and seeks information protected from disclosure by the attorney-client privilege and attorney work product doctrine.

**REQUEST NO. 5:**    All documents referring or relating to the approval of the License Agreement by the Board of Directors of the Company.

**RESPONSE:** SPSS objects to this Request on the grounds that it is unduly burdensome and overly broad.  Subject to and without waiving any objection, SPSS will produce at a mutually agreeable time and place any SPSS board minutes referring to the approval of the License Agreement.

**REQUEST NO. 6:**    All documents referring or relating to the approval of the License Agreement by the Company.

**RESPONSE:** SPSS objects to this Request on the grounds that it is vague and ambiguous as to the meaning of the phrase "approval of the License Agreement by the Company" and is unduly burdensome, overly broad and not reasonably calculated to lead to the discovery of admissible evidence.  Subject to and without waiving any objection, SPSS will produce at a mutually agreeable time and place any SPSS board minutes referring to the approval of the License Agreement.

**REQUEST NO. 7:**    All documents referring or relating to the ownership of the Trademarks.

**RESPONSE:** SPSS objects to this Request on the grounds that it is overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving any objection, SPSS will produce at a mutually agreeable time and place trademark applications, other public filings referring to the registration of the

4

Trademarks, and SPSS financing or security interest documents referring to ownership of the Trademarks.

**REQUEST NO. 8:**    All documents referring or relating to the value of the Trademarks.

**RESPONSE:** SPSS objects to this Request on the grounds that it is vague, ambiguous, overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.  Subject to and without waiving any objection, SPSS is not aware of any documents responsive to this Request.

**REQUEST NO. 9:**    All documents referring or relating to any registration of the Trademarks.

**RESPONSE:** SPSS objects to this Request on the grounds that it is unduly burdensome, overly broad and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving any objection, SPSS will produce at a mutually agreeable time and place trademark applications and registrations issued by governmental entities.

**REQUEST NO. 10:**  All documents referring or relating to attempts to enforce rights to the Trademarks.

**RESPONSE:** SPSS objects to this Request on the grounds that it is overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving any objection, SPSS will produce at a mutually agreeable time and place correspondence and documents filed by SPSS with courts and other adjudicatory entities with respect to alleged infringement of the Trademarks.

**REQUEST NO. 11:**  All documents referring or relating to any foreign registration of the Trademarks

**RESPONSE:** SPSS objects to this Request on the grounds that it is unduly burdensome, overly broad and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving any objection, SPSS will produce at a mutually agreeable time

5

and place any foreign trademark applications and registrations issued by foreign governmental entities.

**REQUEST NO. 12:** All documents referring or relating to 1978 Trademark Application and Registration.

**RESPONSE:** SPSS objects to this Request on the grounds that it requests documents protected from discovery by the attorney-client privilege and attorney work product doctrine and is unduly burdensome, overly broad and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving any objection, SPSS will produce at a mutually agreeable time and place the 1978 Trademark Application and Registration.

**REQUEST NO. 13:** All documents referring or relating to the 2004 Trademark Application and Registration.

**RESPONSE:** SPSS objects to this Request on the grounds that it requests documents protected from discovery by the attorney-client privilege and attorney work product doctrine and is unduly burdensome, overly broad and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving any objection, SPSS will produce at a mutually agreeable time and place the 2004 Trademark Application and Registration.

**REQUEST NO. 14:** All documents reflecting or referring to the incorporation of SPSS Inc., as an Illinois corporation, in 1975.

**RESPONSE:** SPSS objects to this Request on the grounds that it requests documents protected from discovery by the attorney-client privilege and attorney work product doctrine and is overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving any objection, SPSS will produce at a mutually agreeable time and place the 1975 Certificate of Incorporation.

**REQUEST NO. 15:** All documents reflecting or referring to the conversion of SPSS Inc., an Illinois corporation, into a Delaware corporation in 1993 and the subsequent initial public offering of the Delaware corporation, also in 1993.

6

**RESPONSE:** SPSS objects to this Request on the grounds that it requests documents protected from discovery by the attorney-client privilege and attorney work product doctrine and is overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving any objection, SPSS will produce at a mutually agreeable time and place the documents effectuating the conversion of SPSS into a Delaware corporation in 1993.

**REQUEST NO. 16:** All documents reflecting or referring to the preparation or review of any filing with the Securities and Exchange Commission authorized or signed by either of the Defendants during 1992-1994.

**RESPONSE:** SPSS objects to this Request on the grounds that it requests documents protected from discovery by the attorney-client privilege and attorney work product doctrine and is overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving any objection, SPSS will produce non-privileged documents relating to its public filings during 1992 to 1994 to the extent that they refer to the License Agreement or ownership of the Trademark.

**REQUEST NO. 17:** All documents reflecting or referring to the 1994 follow-on public offering of securities made by the Company.

**RESPONSE:** SPSS objects to this Request on the grounds that it requests documents protected from discovery by the attorney-client privilege and attorney work product doctrine and is overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving any objection, SPSS will produce non-privileged documents from its 1994 follow-on public offering of securities to the extent that they refer to the License Agreement or ownership of the Trademark.

**REQUEST NO. 18:** All documents that set forth or refer to complaints or expressions of concern by Defendants regarding the quality and/or functionality of SPSS products before the products were released to the public from 2002 to the present.

**RESPONSE:** SPSS objects to this Request on the grounds that it is vague, ambiguous, overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving any objection, SPSS will produce at a mutually agreeable time and place a December 2005 email from Norman Nie to SPSS and states that it is not aware of any further documents.

**REQUEST NO. 19:** All documents that set forth or refer to complaints or expressions of concern regarding the quality and/or functionality of SPSS products from 2002 to the present.

**RESPONSE:** SPSS objects to this Request on the grounds that it is vague, ambiguous, overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST NO. 20:** All documents that set forth or refer to complaints or expressions of concern by Defendants concerning the allocation of financial resources among SPSS products from 2002 to the present.

**RESPONSE:** SPSS objects to this Request on the grounds that it is vague, ambiguous, overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST NO. 21:** All documents that set forth or refer to complaints or expressions of concern concerning the allocation of financial resources among SPSS products from 2002 to the present.

**RESPONSE:** SPSS objects to this Request on the grounds that it is vague, ambiguous, overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST NO. 22:** All documents reflecting or referring to communications concerning the Trademark Assignment.

**RESPONSE:** SPSS objects to this Request on the grounds that it is overly broad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence and seeks information protected from disclosure by the attorney-client privilege and attorney work product

8

doctrine.  Subject to and without waiving any objection, SPSS will produce at a mutually agreeable time and place communications between SPSS and Defendants that refer to the Trademark Assignment.

**REQUEST NO. 23:**  All documents referring or relating to the Trademark Assignment.

**RESPONSE:** SPSS objects to this Request on the grounds that it is overly broad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence and seeks information protected from disclosure by the attorney-client privilege and attorney work product doctrine.  Subject to and without waiving any objection, SPSS will produce at a mutually agreeable time and place communications between SPSS and Defendants that refer to the Trademark Assignment.

**REQUEST NO. 24:**  All documents reflecting or referring to standards of quality for SPSS products from 2002 to the present.

**RESPONSE:** SPSS objects to this Request on the grounds that the phrase "standards of quality" is vague and on the grounds that the Request is overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST NO. 25:**  All documents reflecting or referring to demands or requests made by Defendants to the Company regarding the purchase, assignment, or transfer of any purported rights held by Defendants under the License Agreement.

**RESPONSE:** SPSS objects to this Request on the grounds that it is overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence, and seeks information protected from disclosure by the attorney-client privilege and attorney work product doctrine.  Subject to and without waiving any objection, SPSS will produce at a mutually agreeable time and place communications between SPSS and Defendants that refer to the License Agreement.

**REQUEST NO. 26:**  All documents reflecting, referring or relating to the Company's performance under or breach or repudiation of the License Agreement.

9

**RESPONSE:** SPSS objects to this Request on the grounds that it is vague and ambiguous as to the meaning of "performance" and "repudiation," and is overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. There are no documents that reflect that SPSS is in breach of the License Agreement because SPSS has not breached the License Agreement.

**REQUEST NO. 27:** All documents reflecting, referring or relating to Defendants' performance under the License Agreement.

**RESPONSE:** SPSS objects to this Request on the grounds that it is vague and ambiguous as to the meaning of "performance." Subject to and without waiving any objection, SPSS is not aware of any documents responsive to this Request.

**REQUEST NO. 28:** All documents reflecting, referring or relating to the Company's actual or contemplated preparation and filing of Form 8-K's concerning the License Agreement, the Trademark Assignment, this lawsuit and/or Defendants' counterclaim.

**RESPONSE:** SPSS objects to this Request on the grounds that it is overly broad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence and seeks information protected from discovery by the attorney-client privilege and attorney work product doctrine.

Dated:  April 2, 2008

SPSS INC.

By: _____

One of its attorneys

Robert J. Kriss
Edward H. Williams
Thomas V. Panoff
Daniel K Storino
MAYER BROWN LLP
71 South Wacker Drive
Chicago, Illinois 60606
(312) 782-0600

10

## CERTIFICATE OF SERVICE

I, Thomas V. Panoff, an attorney, certify that I caused a copy of the foregoing **PLAINTIFF'S RESPONSES TO DEFENDANTS' REQUESTS FOR PRODUCTION OF DOCUMENTS TO SPSS INC.** to be served on April 2, 2008 by fax and U.S. mail to the attorneys listed below.

Peter V. Baugher
William B. Berndt
Jennifer A. Waters
Schopf & Weiss LLP
One South Wacker Drive
28th Floor
Chicago, Illinois 60606

Luther Orton
Snyder Miller & Orton LLP
111 Sutter Street, Suite 1950
San Francisco, California 94104

Thomas V. Panoff