IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SPSS Inc., ) | |
| ) | |
| Plaintiff/Counterdefendant, ) | |
| ) | Case No.  08 C 66 |
| v. ) | |
| ) | Judge John W. Darrah |
| Norman H. Nie and C. Hadlai Hull, ) | |
| ) | Magistrate Judge Arlander Keys |
| Defendants/Counterplaintiffs. ) | |

## DEFENDANT'S REPLY IN SUPPORT OF MOTION TO COMPEL DISCOVERY

In its Response to Norman Nie's ("Nie's") Motion to Compel, SPSS Inc. ("SPSS") continues to play coy about its theory of the case and the facts it will rely on to support that theory. Although SPSS filed this action more than seven months ago, and discovery is scheduled to close on September 1, 2008, SPSS refuses to answer contention interrogatories regarding fundamental factual issues. SPSS will not state whether or not Mr. Nie owns the trademark "SPSS" (the "Trademark"), and refuses to state the facts supporting its claim that the License Agreement between SPSS and Mr. Nie is unenforceable. And although SPSS does not deny that it will challenge the validity of Mr. Nie's complaints about the quality of SPSS products, it claims that others' complaints about the same products are "irrelevant." All of these excuses are meritless. Mr. Nie's Motion to Compel should be granted in its entirety.

I.  **SPSS MUST RESPOND TO INTERROGATORIES 1 AND 5 IMMEDIATELY.**

Although fact discovery in this case closes in just more than a month, SPSS claims it is too early for it to answer two contention interrogatories that address key factual issues in this matter. SPSS's strategy is clear. If SPSS delays taking a firm position on two key factual issues – the ownership of the disputed Trademark and the enforceability of the License

183347_1.DOC

Agreement – Nie will be unable to explore the bases for SPSS's positions before the close of discovery. The Court should not allow SPSS's gamesmanship to continue.

SPSS bases its refusal to answer Mr. Nie's contention interrogatories on a misstatement of the law regarding when contention interrogatories should be answered. SPSS tries to sidestep the decision in *Rusty Jones, Inc. v. Beatrice Co.,* 1990 WL 139145 at *2 (N.D. Ill. 1990), holding that a plaintiff, like SPSS, may not put off revealing the factual basis or theories underlying its Complaint by suggesting that it needs discovery to respond to contention interrogatories. SPSS claims that the *Rusty Jones* court ordered contention interrogatories to be answered because the plaintiffs had access to the defendant's documents before the case was filed. (Resp. at 8, n. 2.) On the contrary, the *Rusty Jones* court found that the plaintiffs should answer the interrogatories because the plaintiffs were required to have "investigated the case before filing their complaint in order to have some factual basis upon which to base its allegations, in compliance with Fed. R. Civ. P. 11." *Id.* Regardless, SPSS has had Mr. Nie's document production since early May, and has held the vast majority of all relevant documents in its files for years. SPSS should be prepared now – seven months after it brought this action – to explain the facts supporting its claims.

Indeed, in a case principally relied on by SPSS in its Response (at 8), this Court cited to *Rusty Jones*, and compelled the plaintiffs to respond to several contention interrogatories before the close of discovery. *Ziemack v. Centel Corp.*, 1995 WL 729295, at *2 (N.D. Ill. 1995). In *Ziemack*, this Court ordered the Plaintiffs to answer contention interrogatories despite the fact that "no ending date for discovery" had been set. *Id.*

As in *Ziemack*, this is not a case where answers to contention interrogatories "are likely to require multiple supplemental answers or prematurely commit Plaintiffs to positions and

2

artificially narrow the issues." *Id.* Indeed, SPSS never explains why it is too early to answer Interrogatories 1 and 5. It claims that discovery is "ongoing" (Resp. at 9) – but fails to reveal that Nie responded to all of SPSS's discovery requests in full in May. SPSS makes a general reference to third party discovery, but again fails to explain that it has not issued any third party discovery (all has been issued by Mr. Nie). SPSS also points to additional discovery that Mr. Nie issued to SPSS, but fails to mention that the discovery is not directed at these two issues. Further, the discovery seeks documents and information within the control of SPSS that, therefore, will not add to the knowledge on which SPSS will base its answers. And SPSS claims that it has not yet deposed Mr. Nie, but does not mention that it has not even noticed Mr. Nie's deposition (or any other deposition). SPSS's claim that it needs additional discovery to respond to Mr. Nie's contention interrogatories rings hollow.

   A.   **SPSS Must Answer Interrogatory 1 And Concede That Mr. Nie Is The Owner Of The Trademark.**

SPSS offers no valid response for why it cannot state who owns the Trademark at the center of this dispute – the Trademark "SPSS." SPSS claims that it has not "challenged [Nie's] ownership of the trademark in the Complaint" and that its claims are not based on "ownership." (Resp. at 9.) If SPSS does not challenge Mr. Nie's ownership of the Trademark, there is no reason why it should not concede what is readily obvious – Mr. Nie owns the Trademark.[1] Indeed, Mr. Nie's ownership of the Trademark is a threshold requirement for the relief that SPSS now seeks – a license from Mr. Nie for the use of the Trademark. (Resp. at 3.) This Court should compel SPSS to answer Interrogatory 1.

---

[1] Mr. Nie is one of the two registered owners of the Trademark under a 2004 registration on file with the United States Patent and Trademark Office. (A copy of the Registration is attached as Exhibit B to Defendant's Motion to Compel.) The other registered owner, C. Hadlai Hull, assigned all of his rights to the Trademark to Mr. Nie in May 2008. (A copy of the Assignment is attached as Exhibit E to Mr. Nie's Amended Counterclaim.)

3

### B. SPSS Must State Whether And Why The License Agreement Is Enforceable.

SPSS offers two contradictory excuses for its failure to respond to Interrogatory 5, seeking the "reasons that [SPSS] contends that Defendants are not entitled to all rights granted to them under the License Agreement." First, SPSS contends that the answer to Interrogatory 5 is "all laid out for [Mr. Nie] in SPSS's complaint and answer," and cites to several allegations of the Complaint. (Resp. at 2-3.) If "all" of the relevant facts are truly contained in the Complaint and Answer, then SPSS has no excuse for not reciting the same list of facts in its Response to Interrogatory 5. If SPSS would simply respond to the interrogatory, Mr. Nie would not be left to guess as to whether SPSS will rely on other facts or events to support its claims during later stages of this proceeding.

SPSS later claims that Interrogatory 5 seeks "privileged" information that SPSS "should not be compelled to provide." (Resp. at 9.) SPSS fails to cite any authority for this proposition – which is not surprising, considering that Rule 33(a)(2) expressly allows parties to ask the factual basis for their opponent's legal theories. Fed. R. Civ. P. 33(a)(2); *see also Rusty Jones*, 1990 WL 139145 at *1 (rejecting "work product" objection to contention interrogatories). SPSS has conceded that whether the license agreement is enforceable "is the very issue that SPSS seeks to resolve" through this action. (Mot. for Protective Order at 8.) SPSS should not be allowed to refuse to disclose its position on one of the key issues in this litigation until discovery has ended.

## II. SPSS SHOULD PRODUCE DOCUMENTS REGARDING THE QUALITY OF SPSS PRODUCTS.

In attempting to justify its refusal to turn over documents regarding the quality of SPSS products, SPSS's Response ignores an obvious factual dispute between the parties. (Resp. at 10-12.) Relevancy is determined based on the subject matter of the action, which, here, is

dictated by both the Complaint and the Amended Counterclaim.  Mr. Nie's Amended Counterclaim asserts that SPSS has failed to maintain the quality of its products, and SPSS denies those allegations.  (*See* SPSS Response to Am. Counterclaim ¶¶ 25, 26, 29, 30, 41.)  Mr. Nie served document requests seeking information regarding complaints regarding the quality of SPSS products – documents that are clearly relevant to whether SPSS can support its denial of Mr. Nie's allegations.  (*See* Defs'. Doc. Reqs. 19, 21.)  Although Mr. Nie specifically cited to these allegations and denials in his Motion (at 6), SPSS fails to even mention the allegations in its Response.  (Resp. at 10-12.)

Since he founded the company, Mr. Nie has worked to ensure that SPSS produced quality products.  He advised the company of his concerns regarding the quality of SPSS products until he resigned as Chairman of the Board of Directors of SPSS in January 2008.  Since his resignation from the Board, Mr. Nie has attempted to continue to monitor the quality of SPSS products.  SPSS, however, has rebuffed Mr. Nie's requests to review SPSS products before they are released to the public, or to turn over (either in discovery or under the License Agreement) information regarding complaints and problems with SPSS products.  Consequently, the quality of SPSS products is declining, SPSS is eroding the value of Mr. Nie's Trademark, and SPSS will be required to compensate Mr. Nie for the lost value of the Trademark at the close of this action.

SPSS's Response feebly attempts to support its "relevance" objections to Mr. Nie's discovery requests regarding the quality of SPSS products.  SPSS asserts that Mr. Nie's work to ensure the quality of SPSS products was not performed "pursuant to the License Agreement," and therefore the actual quality of SPSS products is irrelevant.  (Resp. at 11.)  The License Agreement itself, however, does not require that Mr. Nie's efforts to monitor quality be

5

conducted "pursuant to the License Agreement." (Mot. to Compel, Ex. A, at ¶ 4.) At most, SPSS's Response merely highlights yet another factual dispute between the parties – whether Mr. Nie has worked to set quality standards for SPSS products.

A "discovery request is relevant if there is any possibility that the information sought may be relevant to the subject matter of the action." *Machinery Movers, Riggers and Machinery Erectors, Local 136 Defined Contribution Pension Plan v. Fidelity and Deposit Co. of Mary*, 2007 WL 3120029, at *2 (N.D. Ill. 2007) *quoting Rubin v. Islamic Republic of Iran*, 349 F. Supp. 2d 1108, 1111 (N.D. Ill. 2004). In light of the broad scope of discovery under the Federal Rules, SPSS's objection to production of these highly relevant documents cannot be sustained. *Machinery Movers*, 2007 WL 3120029 at *3 ("The Rules of Civil Procedure provide for discovery if there is a 'possibility' that the material sought will be relevant to an issue in the case.")

## CONCLUSION

For all of the foregoing reasons, Mr. Nie asks this Court to enter an Order: (1) directing SPSS to respond to Interrogatory No. 1; (2) directing SPSS to respond to Interrogatory No. 5; (3) directing SPSS to produce documents responsive to Requests 19 and 21; and (4) denying SPSS's Motion for Protective Order. Because fact discovery is set to close on September 1, Mr. Nie further requests that the Court order SPSS's compliance by August 1.

Dated: July 22, 2008

                                               Respectfully submitted,

                                               /s/Jennifer A. Waters
                                               One of the Attorneys for Norman H. Nie and
                                               C. Hadlai Hull

Peter V. Baugher
William B. Berndt
Jennifer A. Waters
Schopf & Weiss LLP
One South Wacker Drive, 28th Floor
Chicago, Illinois 60606
(312) 701-9300

Luther Orton (admitted *pro hac vice*)
Snyder Miller & Orton LLP
111 Sutter Street, Suite 1950
San Francisco, California 94104
(415) 962-4400

**CERTIFICATE OF SERVICE**

      I, Jennifer A. Waters, an attorney, hereby state that I caused a copy of the attached **Defendant's Reply In Support Of Motion To Compel Discovery** was filed electronically with the Clerk of the Court using the CM/ECF system on this 22nd day of July, 2008, which will automatically send email notifications of such filing to registered parties.

      Robert J. Kriss
      Edward H. Williams
      Thomas V. Panoff
      Daniel K. Storino
      Mayer Brown LLP
      71 South Wacker Drive
      Chicago, Illinois 60606

      /s/Jennifer A. Waters