IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| SPSS Inc., | ) | |
| | ) | |
| Plaintiff/Counterdefendant, | ) | |
| | ) | Case No.  08 C 66 |
| v. | ) | |
| | ) | Judge John W. Darrah |
| Norman H. Nie and C. Hadlai Hull, | ) | |
| | ) | Magistrate Judge Arlander Keys |
| Defendants/Counterplaintiffs. | ) | |

**DEFENDANT'S SECOND MOTION TO COMPEL
DISCOVERY AND MOTION FOR RULE TO SHOW CAUSE**

Norman H. Nie ("Nie"), by his attorneys, pursuant to Federal Rules of Civil

Procedure 26 and 37 and Local Rule 37.2, moves this Court to compel Plaintiff SPSS Inc.

("SPSS" or "the Company") to permit discovery on issues at the core of this dispute.  SPSS has

blocked discovery on issues relating to:

# CONFIDENTIAL MATERIAL OMITTED

# PURSUANT TO APRIL 15, 2008

# AGREED PROTECTIVE ORDER

## BACKGROUND

This action arises from an attempt by SPSS, a company founded by Nie, to erase Nie's ownership of the trademark "SPSS" (the "Trademark" or "Mark") and to eliminate Nie's rights under a valid trademark License Agreement. SPSS acknowledged Nie's ownership of the Mark by filing for a renewal registration on his behalf as recently as 2002. It is undisputed that Nie and SPSS entered into a License Agreement allowing SPSS to use the Mark in 1976, and that the License Agreement has never been amended, modified, or rescinded. (A copy of the License Agreement is attached as Exhibit A.)

SPSS initiated this action by filing a Complaint for Declaratory Judgment, seeking an Order declaring "that Nie [is] estopped from enforcing any rights under the purported trademark license agreement and that SPSS shall be deemed to have an irrevocable, assignable and exclusive license to use the Trademarks." (Compl. ¶ 27.) Notably, SPSS did not seek an Order declaring that SPSS is the owner of the Mark, or that the License Agreement is null and void. Rather, SPSS asked the Court to declare that the License Agreement is not "enforceable." (SPSS Mot. for Protective Order, filed June 6, 2008, Docket No. 36.) In other words, SPSS asked the Court to find that the License Agreement is in force, but all of the Nie's rights under the Agreement are nullified. SPSS has not sought to amend its Complaint.

## THE OUTSTANDING DISCOVERY TO PLAINTIFF SPSS

SPSS has failed to respond to a host of Nie's discovery requests – and has disregarded Judge Keys' July 25, 2008 Order granting Nie's initial Motion to Compel. In addition, SPSS withheld documents and information until the final hour of discovery (5 p.m. on August 29, 2008) – and now has refused to allow testimony regarding those documents and information.

# CONFIDENTIAL MATERIAL OMITTED

# PURSUANT TO APRIL 15, 2008

# AGREED PROTECTIVE ORDER

# CONFIDENTIAL MATERIAL OMITTED

# PURSUANT TO APRIL 15, 2008

# AGREED PROTECTIVE ORDER

# CONFIDENTIAL MATERIAL OMITTED

# PURSUANT TO APRIL 15, 2008

# AGREED PROTECTIVE ORDER

# CONFIDENTIAL MATERIAL OMITTED

# PURSUANT TO APRIL 15, 2008

# AGREED PROTECTIVE ORDER

# CONFIDENTIAL MATERIAL OMITTED

# PURSUANT TO APRIL 15, 2008

# AGREED PROTECTIVE ORDER

The documents sought by Nie are clearly relevant – profitability is a factor in standard methods of calculating trademark infringement damages. *See, e.g.*, *Aero Products Intern., Inc. v. Intex Recreation Corp.*, 2004 WL 5129997 (N.D. Ill. 2004) (affirming jury award for trademark infringement for profits from unlawful use of the disputed mark). SPSS should be required to produce such documents immediately, and to produce a corporate representative to testify regarding the documents once they are produced.

III.    **SPSS MUST PRODUCE DOCUMENTS AND TESTIMONY REGARDING DUE DILIGENCE RELATING TO THE TRADEMARKS.**

On August 29, in the final hour before the Labor Day weekend (and the final hour of fact discovery), SPSS served a CD with a supplemental document production. That CD contains a document (the final document in its production) authored by its CFO, Raymond Panza, a key witness in this case. The document shows that Panza was involved in a March 2007 response to a due diligence request by Merrill Lynch for information about the ownership of the SPSS Trademark, and the company's right to use of the Mark. (A copy of the document is attached as Exhibit J.) Panza writes that the Trademark was a "big issue," and that SPSS would "give a rep." relating to that topic. (*Id.*) Counsel for Nie had specifically inquired regarding the existence of any emails relating to the Merrill Lynch transaction during the deposition of Anthony Ciro, the corporate representative of SPSS, on May 30, 2008. (Deposition of Anthony Ciro, Ex. K, at 214-15.) Nevertheless, SPSS did not produce the Panza document until three months later, on the eve of the closure of fact discovery.

# CONFIDENTIAL MATERIAL OMITTED PURSUANT TO APRIL 15, 2008 AGREED PROTECTIVE ORDER

# CONFIDENTIAL MATERIAL

# OMITTED PURSUANT TO APRIL 15, 2008

# AGREED PROTECTIVE ORDER

**IV.  SPSS MUST COMPLY WITH JUDGE KEYS' ORDER TO PRODUCE DOCUMENTS ON THE QUALITY OF SPSS PRODUCTS AND SPSS DECISIONS ON ALLOCATION OF RESOURCES TO QUALITY CONTROL.**

On July 25, 2008, Judge Keys granted Nie's initial Motion to Compel and directed SPSS to produce documents in response to Nie's First Requests for Production Numbers 19 and 21.  Nearly three weeks later, on August 14, 2008, SPSS produced a CD containing five spreadsheets.  Each of the spreadsheets contains raw data regarding third-party complaints to SPSS.  Despite Judge Keys' Order, SPSS refused to provide other documents relating to third party Complaints, including summary documents, emails, and product development documentation that summarize complaints and steps to address defects identified through complaints.[3]  SPSS re-asserted the same objections that Judge Keys rejected – claiming that production of additional documents would be burdensome, or that such documents are irrelevant.

# CONFIDENTIAL MATERIAL OMITTED

# PURSUANT TO APRIL 15, 2008

# AGREED PROTECTIVE ORDER.

---

[3] Counsel for Nie has offered to limit the request for production of documents relating to complaints and product defects to specific categories of documents, including:  (a) "BRD's" Business Requirement Documents that detail SPSS's plans to address defects; (b) Marketing Roadmaps (again detailing SPSS's plans to address defects); (c) weekly charts prepared by SPSS showing the volume of complaints; (d) presentations to the SPSS board relating to product defects; and (e) emails to certain senior SPSS executives regarding complaints.  Nevertheless, SPSS refuses to produce all of these documents with the exception of the weekly charts circulated within the Company and new spreadsheets containing the descriptions missing from the spreadsheets previously produced.  Neither the weekly charts nor the new spreadsheets have been produced by SPSS.

# CONFIDENTIAL MATERIAL OMITTED PURSUANT TO APRIL 15, 2008 AGREED PROTECTIVE ORDER

SPSS should be sanctioned for its failure to comply with Judge Keys' Order. Such documents are clearly relevant. For many years, Nie has protested SPSS's failure to take steps to maintain the quality and feature competitiveness of the SPSS family of products. And since before the filing of this action, SPSS has persistently refused to perform its obligation under Sections 3-6 of the License Agreement to allow Nie sufficient access to SPSS products to perform a review of the quality of those products. In so doing, SPSS has repudiated the License Agreement. (Am. Counterclaim.) Both the validity of Nie's complaints regarding the quality of SPSS products and the adequacy of SPSS's responses to Nie's requests under the License Agreement are disputed issues. Accordingly, as Judge Keys found, documents responsive to requests 19 and 21 are relevant and must be produced. SPSS should produce the categories of documents requested by Nie (see fn. 3 to this Motion), and allow testimony from its witnesses and a corporate representative regarding the documents produced.

## V.    SUMMARY OF REQUESTED RELIEF

SPSS has failed to comply with its discovery obligations. In particular, SPSS has failed or refused to provide documents, information, or to designate a corporate representative in response to the following discovery requests:

# CONFIDENTIAL MATERIAL OMITTED PURSUANT TO APRIL 15, 2008 AGREED PROTECTIVE ORDER

In addition, SPSS has refused to allow further testimony from SPSS witnesses Anthony Ciro (the corporate designee of SPSS), Jack Noonan, Ray Panza and Richard Holada.  This Court should order SPSS to respond to the above-listed discovery requests, and allow SPSS witnesses to be deposed regarding information and documents that were not previously disclosed.

Finally, on October 1, 2008, Nie must serve his initial expert disclosure in this matter.  Due to SPSS's failure to comply with its discovery obligations, and to allow Nie to review SPSS's new production and take depositions, Nie requests one additional month to serve his initial expert disclosure (on or before November 3, 2008).  Nie does not request an extension of any other deadline in this matter.

## CONCLUSION

For all of the foregoing reasons, Nie asks this Court to enter an Order:

# CONFIDENTIAL MATERIAL OMITTED

# PURSUANT TO APRIL 15, 2008

# AGREED PROTECTIVE ORDER.

Dated:  September 4, 2008

Respectfully submitted,

s/William B. Berndt
One of the Attorneys for Norman H. Nie and
C. Hadlai Hull

Peter V. Baugher (baugher@sw.com)
William B. Berndt (berndt@sw.com)
Jennifer A. Waters (waters@sw.com)
Schopf & Weiss LLP
One South Wacker Drive, 28th Floor
Chicago, Illinois 60606
(312) 701-9300

Luther Orton (admitted *pro hac vice*)
Snyder Miller & Orton LLP
111 Sutter Street, Suite 1950
San Francisco, California 94104
(415) 962-4400

## CERTIFICATION PURSUANT TO LOCAL RULE 37.2

Pursuant to Local Rule 37.2, counsel for Nie hereby certifies that he has, in good faith, but unsuccessfully, attempted to resolve differences with SPSS's counsel regarding SPSS's discovery responses prior to filing this motion to compel.  William Berndt, counsel for Nie, participated in a discovery conferences by telephone with Edward Williams and Thomas Panoff, counsel for SPSS Inc., on August 18, August 19, September 2, September 3 and September 4, 2008.  Additionally, Jennifer Waters, counsel for Nie, and Mr. Panoff conducted a discovery conference by telephone on August 20, 2008.

## CERTIFICATE OF SERVICE

I, William B. Berndt, an attorney, hereby state that I caused a copy of the attached

**Defendant's Second Motion To Compel Discovery And Motion For Rule To Show Cause** to

be filed electronically with the Clerk of the Court using the CM/ECF system on this 4th day of

September, 2008, which will automatically send email notifications of such filing to the

following:

            Robert J. Kriss
            Edward H. Williams
            Thomas V. Panoff
            Daniel K. Storino
            Mayer Brown LLP
            71 South Wacker Drive
            Chicago, Illinois 60606


                              s/William B. Berndt
                              William B. Berndt