# EXHIBIT A

## LICENSE AGREEMENT

This Agreement is effective February 1, 1975, by and between Norman H. Nie and C. Hadlai Hull (hereinafter referred to as LICENSOR) and SPSS, Inc., an Illinois corporation (hereinafter referred to as LICENSEE).

WHEREAS, LICENSOR has adopted and used the words SPSS and STATISTICAL PACKAGE FOR THE SOCIAL SCIENCES as trademarks and service marks for computer programs and computer programming services; and

WHEREAS, LICENSOR is the owner of the marks SPSS and STATISTICAL PACKAGE FOR THE SOCIAL SCIENCES; and

WHEREAS, LICENSEE is desirous of using said marks for computer programs and computer programming services, and for its trade name;

NOW, THEREFORE, in consideration of one dollar paid by LICENSEE to LICENSOR and of the mutual covenants contained herein, and other valuable considerations, it is agreed as follows:

1.  LICENSOR hereby grants to LICENSEE the exclusive right and license to use the words SPSS and STATISTICAL PACKAGE FOR THE SOCIAL SCIENCES, hereinafter referred to as the LICENSED MARKS, as trademarks and service marks for computer programs and computer programming services throughout the entire world, including the right to grant non-exclusive sublicenses, subject to the terms of this Agreement.

2. LICENSOR hereby grants to LICENSEE the exclusive right and license to use any of the LICENSED MARKS as a trade name for the business of producing and distributing computer programs and computer programming services and hereby ratifies the adoption of LICENSEE's trade name, subject to the terms of this Agreement.

3. The nature of each of the goods and services on which the LICENSED MARKS are to be used by LICENSEE or any sublicensees shall have the approval of the LICENSOR.

4. LICENSOR will furnish or direct the LICENSEE and any sublicensee in the standards of quality for each of the goods and services on which the LICENSED MARKS are marked, and LICENSEE agrees to meet standards of quality so established by the LICENSOR and to insure that any sublicensee meets the same standards of quality. The LICENSOR shall be the sole judge of whether or not the LICENSEE and any sublicensee has met or is meeting the standards of quality so established.

5. LICENSEE agrees to allow LICENSOR's authorized agent at any and all times during regular business hours to enter the LICENSEE's premises where the goods and services are being manufactured and carried out to inspect the same, and to secure similar provisions from any sublicensee.

6. LICENSEE shall obtain the approval of LICENSOR with respect to all signs, labels, packaging material, advertising or the like bearing the LICENSED MARKS prior to the use thereof, and shall secure similar provisions from any sublicensee.

SPSS 000002

7. LICENSEE agrees not to use a mark identical with or confusingly similar to the LICENSED MARKS except as permitted by the license herein granted, and to secure similar provisions from a sublicensee.

8. If LICENSEE violates any provisions of this Agreement, LICENSOR may terminate the exclusive license granted herein, or if any sublicensee violates any provisions of this Agreement, LICENSOR may terminate, through LICENSEE if desired, the non-exclusive sublicense granted that sublicensee, by giving notice in writing to the LICENSEE of the violation. In the event that LICENSEE or its sublicensees do not correct or eliminate the violation within ninety (90) days from the date of receipt of said notice, the exclusive license or the non-exclusive sublicense respectively shall terminate at the end of said ninety (90) days.

9. This Agreement shall terminate automatically, at the option of LICENSOR, in the event of receivership or bankruptcy of the LICENSEE. LICENSEE shall secure a similar provision from any of its sublicensees.

10. In the event of termination of this Agreement, LICENSEE agrees to discontinue immediately all use of the LICENSED MARKS and to deliver to LICENSOR, free of any charge, all signs, labels, packaging material, advertising or the like bearing the LICENSED MARKS that are then in the possession of LICENSEE, and LICENSEE shall secure similar provisions from

SPSS 000003

any sublicensee. LICENSEE further agrees to discontinue the use or any confusingly similar use of the LICENSED MARKS in LICENSEE's trade name.

11. LICENSEE agrees that nothing herein shall give the LICENSEE or any sublicensee any right, title or interest in or to the LICENSED MARKS (except the right to use the LICENSED MARKS in accordance with this Agreement), that the LICENSED MARKS are the sole property of the LICENSOR, and that any and all uses by the LICENSEE and the sublicensees of the LICENSED MARKS shall inure to the benefit of the LICENSOR. This paragraph shall survive the termination of this Agreement.

12. This Agreement is personal and may not be assigned by LICENSEE without the written consent of the LICENSOR.

13. This Agreement shall be construed in accordance with the laws of the state of Illinois.

IN WITNESS WHEREOF, the parties have signed this Agreement on the date(s) indicated below.

Date  30 Sept 76

_____
NORMAN H. NIE

Date  30 SEP 76

_____
C. HADLAI HULL

SPSS, INC.

Date  30 Sept '76         By _____

ATTEST:

_____

SPSS 000004

# EXHIBIT B



**United States Patent and Trademark Office**

Home | Site Index | Search | FAQ | Glossary | Guides | Contacts | eBusiness | eBiz alerts | News | Help

## Trademarks > Trademark Electronic Search System (TESS)

*TESS was last updated on Wed Sep 3 04:14:51 EDT 2008*

| TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | BOTTOM | HELP | PREV LIST | CURR LIST | NEXT LIST |

| FIRST DOC | PREV DOC | NEXT DOC | LAST DOC |

Logout Please logout when you are done to release system resources allocated for you.

Start List At: [      ] OR Jump to record: [      ] **Record 1 out of 2**

TARR Status | ASSIGN Status | TDR | TTAB Status | *( Use the "Back" button of the Internet Browser to return to TESS)*

# PASW The Predictive Analytics Company

| | |
|---|---|
| **Word Mark** | **PASW** THE PREDICTIVE ANALYTICS COMPANY |
| **Goods and Services** | IC 009. US 021 023 026 036 038. G & S: Computer software in CD-ROM or downloadable format for statistical and data analysis |
| | IC 041. US 100 101 107. G & S: Consultation in the field of training in the use of computer software for statistical and data analysis |
| | IC 042. US 100 101. G & S: Consulting in the field of installation, implementation, deployment and maintenance of computer software for statistical and data analysis; computer software installation and maintenance; technical support services, namely, troubleshooting of computer software problems related to computer software for statistical and data analysis |
| **Standard Characters Claimed** | |
| **Mark Drawing Code** | (4) STANDARD CHARACTER MARK |
| **Serial Number** | 77421354 |
| **Filing Date** | March 13, 2008 |
| **Current Filing Basis** | 1B |
| **Original Filing Basis** | 1B |
| **Published for Opposition** | June 17, 2008 |
| **Owner** | (APPLICANT) SPSS Inc. CORPORATION DELAWARE 11th Floor 233 South Wacker Drive Chicago ILLINOIS 60606 |

| **Attorney of Record** | Michael D. Adams |
|---|---|
| **Disclaimer** | NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "PREDICTIVE ANALYTICS COMPANY" APART FROM THE MARK AS SHOWN |
| **Type of Mark** | TRADEMARK. SERVICE MARK |
| **Register** | PRINCIPAL |
| **Live/Dead Indicator** | LIVE |

TESS HOME   NEW USER   STRUCTURED   FREE FORM   BROWSE DICT   SEARCH OG   TOP   HELP   PREV LIST   CURR LIST   NEXT LIST
FIRST DOC   PREV DOC   NEXT DOC   LAST DOC

# EXHIBIT C



**United States Patent and Trademark Office**

Home | Site Index | Search | FAQ | Glossary | Guides | Contacts | eBusiness | eBiz alerts | News | Help

# Trademarks > Trademark Electronic Search System (TESS)

*TESS was last updated on Wed Sep 3 04:14:51 EDT 2008*

| TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | BOTTOM | HELP | PREV LIST | CURR LIST | NEXT LIST |
| FIRST DOC | PREV DOC | NEXT DOC | LAST DOC |

**Logout**  Please logout when you are done to release system resources allocated for you.

**Start**  List At: [          ] OR **Jump** to record: [          ] **Record 2 out of 2**

| TARR Status | ASSIGN Status | TDR | TTAB Status | *( Use the "Back" button of the Internet Browser to return to TESS)*

# PASW

| | |
|---|---|
| **Word Mark** | **PASW** |
| **Goods and Services** | IC 009. US 021 023 026 036 038. G & S: Computer software in CD-ROM or downloadable format for statistical and data analysis |
| | IC 041. US 100 101 107. G & S: Consultation in the field of training in the use of computer software for statistical and data analysis |
| | IC 042. US 100 101. G & S: Consulting in the field of installation, implementation, deployment and maintenance of computer software for statistical and data analysis; computer software installation and maintenance; technical support services, namely, troubleshooting of computer software problems related to computer software for statistical and data analysis |
| **Standard Characters Claimed** | |
| **Mark Drawing Code** | (4) STANDARD CHARACTER MARK |
| **Serial Number** | 77421312 |
| **Filing Date** | March 13, 2008 |
| **Current Filing Basis** | 1B |
| **Original Filing Basis** | 1B |
| **Published for Opposition** | June 17, 2008 |
| **Owner** | (APPLICANT) SPSS Inc. CORPORATION DELAWARE 11th Floor 233 South Wacker Drive Chicago ILLINOIS 60606 |

| | |
|---|---|
| **Attorney of Record** | Michael D. Adams |
| **Type of Mark** | TRADEMARK. SERVICE MARK |
| **Register** | PRINCIPAL |
| **Live/Dead Indicator** | LIVE |

TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | TOP | HELP | PREV LIST | CURR LIST | NEXT LIST | FIRST DOC | PREV DOC | NEXT DOC | LAST DOC

|.HOME | SITE INDEX| SEARCH | eBUSINESS | HELP | PRIVACY POLICY

# EXHIBIT D

# CONFIDENTIAL MATERIAL OMITTED

# PURSUANT TO APRIL 15, 2008

# AGREED PROTECTIVE ORDER

# EXHIBIT E

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| SPSS Inc., | ) | |
| | ) | |
| Plaintiff/Counterdefendant, | ) | Case No. 08 C 66 |
| | ) | |
| v. | ) | Judge John W. Darrah |
| | ) | |
| Norman H. Nie and C. Hadlai Hull, | ) | Magistrate Judge Arlander Keys |
| | ) | |
| Defendants/Counterplaintiffs. | ) | |

**PLAINTIFF'S RESPONSES TO DEFENDANTS' REQUESTS
FOR PRODUCTION OF DOCUMENTS TO SPSS INC.**

Plaintiff SPSS Inc. ("SPSS"), by and through its attorneys, hereby submits these objections and responses to Defendants' First Requests for the Production of Documents.

**GENERAL OBJECTIONS**

1.      SPSS objects to these Requests to the extent that they purport to impose obligations that exceed the requirements of applicable law, including the Federal Rules of Civil Procedure and any other applicable court order or rule.

2.      SPSS objects to these Requests to the extent that they seek the production of documents protected from discovery by the attorney-client privilege, attorney work product doctrine, or any other applicable privilege or immunity from discovery. Any production of such documents by SPSS would be inadvertent and would not be intended to constitute a waiver of any applicable privilege or immunity. In addition, Mayer Brown LLP was retained by SPSS to provide various legal services in or around November 2005 and has represented SPSS in connection with this dispute. SPSS objects to producing a privilege log of materials prepared by, for, or at the request of Mayer Brown LLP in connection with this dispute. SPSS will produce a

privilege log to the extent that there are privileged documents that were not prepared by, for, or at the request of Mayer Brown LLP in connection with this dispute.

  3.  SPSS objects to these Requests to the extent that they purport to require the production of documents, things, or information in the possession, custody, or control of any person or entity other than SPSS. SPSS responds to these Requests based on documents, things, and information presently in SPSS's possession, custody, and control.

  4.  SPSS expressly reserves all objections to the relevance, authenticity, or admissibility of any document sought by the Requests.

  5.  SPSS's response that it will produce the documents sought by a Request does not constitute an admission that it actually possesses the documents requested or that such documents exist, nor does it constitute an admission of the facts or allegations stated and/or implied in a particular Request.

## OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS

  1.  SPSS objects to Defendants' Definition No. 3 because the terms "SPSS Inc.," "the Company," and "SPSS" are defined in an overbroad fashion and would impose an undue burden on SPSS to identify, inquire with, and produce relevant documents from, every entity listed in Definition No. 3.

  2.  SPSS objects to Defendants' Definition No. 9 because the terms "relate" and "relating" are vague, ambiguous, and overbroad, and would impose an undue burden on SPSS to identify, locate, and produce all such documents as defined in Definition No. 9.

  3.  SPSS objects to Instruction No. 1 to the extent that it seeks documents protected by the attorney-client privilege, attorney work product doctrine, or any other applicable privilege or immunity from discovery.

2

## REQUESTS FOR PRODUCTION AND RESPONSES

SPSS incorporates each of its General Objections and its Objections to Definitions and Instructions into its Responses to each Request for Production as if fully set forth therein.

**REQUEST NO. 1:**    All documents referring or relating to the License Agreement.

**RESPONSE:** SPSS objects to this Request on the grounds that it is overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving any objection, SPSS will produce at a mutually agreeable time and place the License Agreement, any correspondence between Defendants and SPSS that references the License Agreement and any SPSS board minutes referencing the License Agreement.

**REQUEST NO. 2:**    All documents referring or relating to the location of any and all copies of the License Agreement from 1975 to the present.

**RESPONSE:** SPSS objects to this Request on the grounds that it is overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving any objection, SPSS will produce at a mutually agreeable time and place the file where the License Agreement was found by Anthony Ciro in approximately October 2002 and any SPSS board minutes referencing the License Agreement.

**REQUEST NO. 3:**    All documents referring or relating to any persons who have had possession of a copy of the License Agreement.

**RESPONSE:** SPSS objects to this Request on the grounds that it is overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving any objection, SPSS will produce at a mutually agreeable time and place the file where the License Agreement was found by Anthony Ciro in approximately October 2002 and any SPSS board minutes referencing the License Agreement.

3

**REQUEST NO. 4:**   All documents referring or relating to the review of the License Agreement by any person.

**RESPONSE:** SPSS objects to this Request on the grounds that it is vague, overly broad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence and seeks information protected from disclosure by the attorney-client privilege and attorney work product doctrine.

**REQUEST NO. 5:**   All documents referring or relating to the approval of the License Agreement by the Board of Directors of the Company.

**RESPONSE:** SPSS objects to this Request on the grounds that it is unduly burdensome and overly broad.  Subject to and without waiving any objection, SPSS will produce at a mutually agreeable time and place any SPSS board minutes referring to the approval of the License Agreement.

**REQUEST NO. 6:**   All documents referring or relating to the approval of the License Agreement by the Company.

**RESPONSE:** SPSS objects to this Request on the grounds that it is vague and ambiguous as to the meaning of the phrase "approval of the License Agreement by the Company" and is unduly burdensome, overly broad and not reasonably calculated to lead to the discovery of admissible evidence.  Subject to and without waiving any objection, SPSS will produce at a mutually agreeable time and place any SPSS board minutes referring to the approval of the License Agreement.

**REQUEST NO. 7:**   All documents referring or relating to the ownership of the Trademarks.

**RESPONSE:** SPSS objects to this Request on the grounds that it is overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving any objection, SPSS will produce at a mutually agreeable time and place trademark applications, other public filings referring to the registration of the

4

Trademarks, and SPSS financing or security interest documents referring to ownership of the Trademarks.

**REQUEST NO. 8:**    All documents referring or relating to the value of the Trademarks.

**RESPONSE:** SPSS objects to this Request on the grounds that it is vague, ambiguous, overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.  Subject to and without waiving any objection, SPSS is not aware of any documents responsive to this Request.

**REQUEST NO. 9:**    All documents referring or relating to any registration of the Trademarks.

**RESPONSE:** SPSS objects to this Request on the grounds that it is unduly burdensome, overly broad and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving any objection, SPSS will produce at a mutually agreeable time and place trademark applications and registrations issued by governmental entities.

**REQUEST NO. 10:**  All documents referring or relating to attempts to enforce rights to the Trademarks.

**RESPONSE:** SPSS objects to this Request on the grounds that it is overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving any objection, SPSS will produce at a mutually agreeable time and place correspondence and documents filed by SPSS with courts and other adjudicatory entities with respect to alleged infringement of the Trademarks.

**REQUEST NO. 11:**  All documents referring or relating to any foreign registration of the Trademarks

**RESPONSE:** SPSS objects to this Request on the grounds that it is unduly burdensome, overly broad and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving any objection, SPSS will produce at a mutually agreeable time

5

and place any foreign trademark applications and registrations issued by foreign governmental entities.

**REQUEST NO. 12:**  All documents referring or relating to 1978 Trademark Application and Registration.

**RESPONSE:** SPSS objects to this Request on the grounds that it requests documents protected from discovery by the attorney-client privilege and attorney work product doctrine and is unduly burdensome, overly broad and not reasonably calculated to lead to the discovery of admissible evidence.  Subject to and without waiving any objection, SPSS will produce at a mutually agreeable time and place the 1978 Trademark Application and Registration.

**REQUEST NO. 13:** All documents referring or relating to the 2004 Trademark Application and Registration.

**RESPONSE:** SPSS objects to this Request on the grounds that it requests documents protected from discovery by the attorney-client privilege and attorney work product doctrine and is unduly burdensome, overly broad and not reasonably calculated to lead to the discovery of admissible evidence.  Subject to and without waiving any objection, SPSS will produce at a mutually agreeable time and place the 2004 Trademark Application and Registration.

**REQUEST NO. 14:** All documents reflecting or referring to the incorporation of SPSS Inc., as an Illinois corporation, in 1975.

**RESPONSE:** SPSS objects to this Request on the grounds that it requests documents protected from discovery by the attorney-client privilege and attorney work product doctrine and is overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.  Subject to and without waiving any objection, SPSS will produce at a mutually agreeable time and place the 1975 Certificate of Incorporation.

**REQUEST NO. 15:**  All documents reflecting or referring to the conversion of SPSS Inc., an Illinois corporation, into a Delaware corporation in 1993 and the subsequent initial public offering of the Delaware corporation, also in 1993.

**RESPONSE:** SPSS objects to this Request on the grounds that it requests documents protected from discovery by the attorney-client privilege and attorney work product doctrine and is overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving any objection, SPSS will produce at a mutually agreeable time and place the documents effectuating the conversion of SPSS into a Delaware corporation in 1993.

**REQUEST NO. 16:** All documents reflecting or referring to the preparation or review of any filing with the Securities and Exchange Commission authorized or signed by either of the Defendants during 1992-1994.

**RESPONSE:** SPSS objects to this Request on the grounds that it requests documents protected from discovery by the attorney-client privilege and attorney work product doctrine and is overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving any objection, SPSS will produce non-privileged documents relating to its public filings during 1992 to 1994 to the extent that they refer to the License Agreement or ownership of the Trademark.

**REQUEST NO. 17:** All documents reflecting or referring to the 1994 follow-on public offering of securities made by the Company.

**RESPONSE:** SPSS objects to this Request on the grounds that it requests documents protected from discovery by the attorney-client privilege and attorney work product doctrine and is overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving any objection, SPSS will produce non-privileged documents from its 1994 follow-on public offering of securities to the extent that they refer to the License Agreement or ownership of the Trademark.

**REQUEST NO. 18:** All documents that set forth or refer to complaints or expressions of concern by Defendants regarding the quality and/or functionality of SPSS products before the products were released to the public from 2002 to the present.

7

**RESPONSE:** SPSS objects to this Request on the grounds that it is vague, ambiguous, overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving any objection, SPSS will produce at a mutually agreeable time and place a December 2005 email from Norman Nie to SPSS and states that it is not aware of any further documents.

**REQUEST NO. 19:** All documents that set forth or refer to complaints or expressions of concern regarding the quality and/or functionality of SPSS products from 2002 to the present.

**RESPONSE:** SPSS objects to this Request on the grounds that it is vague, ambiguous, overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST NO. 20:** All documents that set forth or refer to complaints or expressions of concern by Defendants concerning the allocation of financial resources among SPSS products from 2002 to the present.

**RESPONSE:** SPSS objects to this Request on the grounds that it is vague, ambiguous, overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST NO. 21:** All documents that set forth or refer to complaints or expressions of concern concerning the allocation of financial resources among SPSS products from 2002 to the present.

**RESPONSE:** SPSS objects to this Request on the grounds that it is vague, ambiguous, overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST NO. 22:** All documents reflecting or referring to communications concerning the Trademark Assignment.

**RESPONSE:** SPSS objects to this Request on the grounds that it is overly broad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence and seeks information protected from disclosure by the attorney-client privilege and attorney work product

8

doctrine.   Subject to and without waiving any objection, SPSS will produce at a mutually agreeable time and place communications between SPSS and Defendants that refer to the Trademark Assignment.

**REQUEST NO. 23:**   All documents referring or relating to the Trademark Assignment.

**RESPONSE:** SPSS objects to this Request on the grounds that it is overly broad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence and seeks information protected from disclosure by the attorney-client privilege and attorney work product doctrine.   Subject to and without waiving any objection, SPSS will produce at a mutually agreeable time and place communications between SPSS and Defendants that refer to the Trademark Assignment.

**REQUEST NO. 24:**   All documents reflecting or referring to standards of quality for SPSS products from 2002 to the present.

**RESPONSE:** SPSS objects to this Request on the grounds that the phrase "standards of quality" is vague and on the grounds that the Request is overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST NO. 25:**   All documents reflecting or referring to demands or requests made by Defendants to the Company regarding the purchase, assignment, or transfer of any purported rights held by Defendants under the License Agreement.

**RESPONSE:** SPSS objects to this Request on the grounds that it is overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence, and seeks information protected from disclosure by the attorney-client privilege and attorney work product doctrine. Subject to and without waiving any objection, SPSS will produce at a mutually agreeable time and place communications between SPSS and Defendants that refer to the License Agreement.

**REQUEST NO. 26:**   All documents reflecting, referring or relating to the Company's performance under or breach or repudiation of the License Agreement.

9

**RESPONSE:** SPSS objects to this Request on the grounds that it is vague and ambiguous as to the meaning of "performance" and "repudiation," and is overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. There are no documents that reflect that SPSS is in breach of the License Agreement because SPSS has not breached the License Agreement.

**REQUEST NO. 27:** All documents reflecting, referring or relating to Defendants' performance under the License Agreement.

**RESPONSE:** SPSS objects to this Request on the grounds that it is vague and ambiguous as to the meaning of "performance." Subject to and without waiving any objection, SPSS is not aware of any documents responsive to this Request.

**REQUEST NO. 28:** All documents reflecting, referring or relating to the Company's actual or contemplated preparation and filing of Form 8-K's concerning the License Agreement, the Trademark Assignment, this lawsuit and/or Defendants' counterclaim.

**RESPONSE:** SPSS objects to this Request on the grounds that it is overly broad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence and seeks information protected from discovery by the attorney-client privilege and attorney work product doctrine.

Dated:  April 2, 2008

SPSS INC.

By:_____

One of its attorneys

Robert J. Kriss
Edward H. Williams
Thomas V. Panoff
Daniel K Storino
MAYER BROWN LLP
71 South Wacker Drive
Chicago, Illinois 60606
(312) 782-0600

10

## CERTIFICATE OF SERVICE

I, Thomas V. Panoff, an attorney, certify that I caused a copy of the foregoing **PLAINTIFF'S RESPONSES TO DEFENDANTS' REQUESTS FOR PRODUCTION OF DOCUMENTS TO SPSS INC.** to be served on April 2, 2008 by fax and U.S. mail to the attorneys listed below.

Peter V. Baugher
William B. Berndt
Jennifer A. Waters
Schopf & Weiss LLP
One South Wacker Drive
28th Floor
Chicago, Illinois 60606

Luther Orton
Snyder Miller & Orton LLP
111 Sutter Street, Suite 1950
San Francisco, California 94104

Thomas V. Panoff

# EXHIBIT F

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

SPSS Inc.,                                )
                                          )
    Plaintiff/Counterdefendant,       )
                                          )
        v.                          )
                                          )
Norman H. Nie and C. Hadlai Hull,         )
                                          )
    Defendants/Counterplaintiffs.     )

Case No.  08 C 66

Judge John W. Darrah

Magistrate Judge Arlander Keys

## DEFENDANT'S SECOND REQUESTS FOR PRODUCTION OF DOCUMENTS TO SPSS INC.

Norman H. Nie ("Defendant"), by his attorneys, pursuant to Federal Rule of Civil Procedure 34, requests that SPSS Inc. ("SPSS" or "the Company") produce the following documents within 30 days.  In responding to this Request for Production of Documents, please consult and adhere to the definitions and instructions below.

### DEFINITIONS

1.      The term "Communication" means any oral, written, or electronic transmission of information, opinion, belief, idea, or statement or attempt to do so, of any kind or character, including, by way of example and without limitation, personal conversations, telephone conversations, letters, minutes, meetings, memoranda, telegraphic, telex, computer and facsimile communications or transmittals of documents, and all documents concerning such oral, written, or electronic transmission.  "Communication" as used herein specifically includes internal writings, memoranda, oral conversations or meetings among your officers, board members, employees or other representatives.

2.      "Document" is used herein in the broadest sense utilized in Federal Rule of Civil Procedure 34 and means, by way of example and without limitation, all written, recorded

183150_1.DOC

or graphic matters, including originals and copies, however produced or reproduced, whether or not privileged, pertaining in any way to the subject matter of this action.

3.      The term "SPSS Inc.", "the Company", or "SPSS" means SPSS Inc., whether acting alone or with another entity or person, and includes: its present or former employees, directors, officers, subsidiaries and parent corporations, holding companies, affiliates, divisions, subgroups, regional offices, successors and predecessors in interest, consultants, attorneys, assignees, agents, trustees, and all representatives and other persons or entities acting on its behalf.

4.      The term "License Agreement" means the contract between Norman H. Nie and C. Hadlai Hull and SPSS, Inc. titled "License Agreement" bearing the effective date February 1, 1975 attached to Defendants' Counterclaim as Exhibit A.

5.      The term "1978 Trademark Application and Registration" means the application for and registration of SPSS with the United States Patent and Trademark Office on April 11, 1978 under number 1,089,094.

6.      The term "2004 Trademark Application and Registration" means the application for and registration of SPSS with the United States Patent and Trademark Office on July 20, 2004 under number 2,864,243.

7.      The term "Assignment" means the document titled "Trademark Assignment" attached to Defendants' Counterclaim as Exhibit D.

8.      The term "Trademarks" means any and all trademarks, statutory or common law, involving the use of "SPSS" or "Statistical Package for the Social Sciences."

9.      The terms "refer," "referring," "relate" or "relating" mean, in addition to the customary and usual meaning, discuss or discussing, mention or mentioning, embody or

2

embodying, contain or containing, constitute or constituting, concern or concerning, evidence or evidencing, negate or negating, reflect or reflecting, describe or describing, assess or assessing, record or recording, show or showing, support or supporting, underlie or underlying, and in any way legally, logically or factually connected with the matter discussed.

## **INSTRUCTIONS**

1.    These requests oblige you to produce every responsive document in your possession, custody, or control, including documents in the possession or custody of your attorneys, accountants and agents.

2.    If any document requested was at one time but is no longer in existence, as to each document, each party that had possession, custody or control of such document shall identify: the type (*e.g.*, letter, memorandum, spreadsheet); the date; its subject matter; the author(s); addressor(s) or originator(s); the addressee(s); all persons to whom it was distributed, shown or explained; the number of pages, attachments and appendices; the date upon which the document ceased to exist; the circumstances under which it ceased to exist; the identity of all persons having knowledge of the contents of such document; the person authorizing the destruction; and the person destroying the document.

3.    With respect to any document or information that you withhold on a claim of a protection or privilege, produce all portions of the document or information over which you do not claim a protection or privilege, and provide a statement or log signed by your attorney setting forth as to each document, portion thereof, or item of information withheld:

      a.    the nature and subject matter of the document or information;

      b.    the source of the document or information and the identity of all persons who have knowledge of the document or information;

      c.    the identity of all persons with whom you communicated in any way concerning the document or information, including all persons present when such communications were made or received; and

3

        d.      all facts which you claim give rise to the protection or privilege.

        4.      You must produce the responsive documents as they are kept in the usual course of business, or you must organize and label them to correspond with the categories in the request.

        5.      These requests oblige you to supplement your responses in accordance with Rule 26(e) of the Federal Rules of Civil Procedure.

        6.      Unless otherwise stated, the time period for each request is from January 1, 1970 to the present.

### REQUESTS FOR PRODUCTION

        1.      All documents referring or relating to the value of the Trademarks.

        2.      All documents referring or relating to any royalty rate attributable to the Trademarks.

        3.      All documents referring or relating to trademark license agreements or sublicense agreements negotiated or entered into by SPSS.

        4.      All documents referring or relating to franchise agreements negotiated or entered into by SPSS.

        5.      The financial statements of SPSS.

        6.      All financial statements of SPSS that refer or relate to the Trademarks.

        7.      All documents referring or relating to any audits of SPSS.

        8.      All documents referring or relating to any audits of SPSS that refer or relate to the Trademarks.

        9.      All documents referring or relating to the rate of return or profitability of all products of SPSS and its sublicensees.

4

10.    All documents referring or relating to the income margin of all products of SPSS and its sublicensees.

11.    All documents referring or relating to the revenue of SPSS.

12.    All documents referring or relating to the assets held by SPSS.

13.    All documents referring or relating to the net sales of SPSS.

14.    All documents referring or relating to the expected future use of the Trademarks, including any consideration of or plans to discontinue use of the Trademarks.

15.    All documents referring or relating to the remaining useful life of the Trademarks.

16.    Any and all documents referring or relating to SPSS's intellectual property that refer or relate to any merger, acquisition or offering involving SPSS.

17.    Any and all documents referring, relating to, or reflecting trademark security agreements.

18.    Any and all documents referring or relating to any transaction in which SPSS assigned its right to any intellectual property to any other entity.

19.    Any and all documents authored, prepared or reviewed by SPSS or its agents during due diligence relating to intellectual property.

20.    Any and all trademark due diligence relating to any transaction involving SPSS.

21.    Any and all documents referring or relating to costs that would be incurred by SPSS if SPSS ceased using one or both of the Trademarks.

22.    The organization charts of SPSS from 1993 to the present.

23.    Any and all documents referring to or relating to any employee or employees of SPSS who held responsibility for protection of SPSS's intellectual property from 1993 to the present.

24.    Any and all documents referring to or relating to any employee or employees of SPSS who held responsibility for protection of SPSS's rights in the Trademarks from 1993 to the present.

25.    Any and all documents referring to, relating to or reflecting any decision made by SPSS in reliance on any rights SPSS held with respect to the Trademarks.

26.    Any documents referring or relating to any policy or standards established by SPSS for the quality of SPSS products.

27.    Any and all documents provided to Mr. Nie in connection with meetings of the Board of Directors of SPSS from 1993 to the present.

28.    Any and all documents provided to Mr. Nie in connection with meetings of the Board of Directors of SPSS from 1993 to the present relating or referring to intellectual property or trademarks.

Dated: July 16, 2008

Respectfully submitted,

One of the Attorneys for Norman H. Nie and
C. Hadlai Hull

Peter V. Baugher
William B. Berndt
Jennifer A. Waters
Schopf & Weiss LLP
One South Wacker Drive, 28th Floor
Chicago, Illinois 60606
(312) 701-9300

Luther Orton (admitted *pro hac vice*)
Snyder Miller & Orton LLP
111 Sutter Street, Suite 1950
San Francisco, California 94104
(415) 962-4400

## CERTIFICATE OF SERVICE

I, William B. Berndt, an attorney, hereby state that I caused a copy of the attached

**Defendant's Second Requests for Production of Documents to SPSS Inc.** to be served by

messenger on the individuals listed below on this 16th day of July, 2008.

> Robert J. Kriss
> Edward H. Williams
> Thomas V. Panoff
> Daniel K. Storino
> Mayer Brown LLP
> 71 South Wacker Drive
> Chicago, Illinois 60606

_____
William B. Berndt